Violet CAMPBELL, Petitioner,

v.

CONSOLIDATION COAL COMPANY,
Employer-Respondent,

Director, Office of Workers'
Compensation Programs,
Respondent.

No. 85–3795.

United States Court of Appeals,
Sixth Circuit.

Argued Sept. 26, 1986.

Decided Feb. 6, 1987.

Rehearing and Rehearing En Banc
Denied March 24, 1987.

Edmund A. Sargus, Jr. (argued) Burech & Sargus, St. Clairsville, Ohio, for petitioner.

David Allen Barnette (argued), Charleston, W.V., Michael O'Neill, Washington, D.C., for respondents.

Before MARTIN, GUY and NORRIS, Circuit Judges.

BOYCE F. MARTIN, Jr., Circuit Judge.

Violet Campbell, widow of deceased coal worker George B. Campbell, appeals the Benefits Review Board's denial of black lung benefits. Campbell argues on appeal that the administrative law judge's first decision granting benefits was supported by substantial evidence and in accordance with law and that the Benefits Review Board impermissibly reweighed the evidence in deciding to remand the claim to the administrative law judge. After reviewing the record, we find that the administrative law judge's first decision was supported by substantial evidence and we therefore reverse and order that benefits be granted.

George B. Campbell filed his initial claim for benefits on April 10, 1978, pursuant to 30 U.S.C. § 901. After a determination of ineligibility he appealed, and a formal hearing was held on September 24, 1980. After hearing testimony and reviewing documents, the administrative law judge determined that Campbell was eligible for benefits. The Consolidation Coal Company appealed this decision to the Benefits Review Board, which, with a dissenting opinion, remanded the case to the administrative law judge for reconsideration of one issue. The administrative law judge then reversed himself, deciding not to award benefits and the Benefits Review Board affirmed, with a dissenting opinion.

At the time of his hearing, George Campbell was sixty-six years old and had worked in coal mines for over thirty-five years. In making his original decision, the administrative law judge found that because Campbell had been employed in coal mines for over ten years and a qualifying ventilatory study existed, Campbell was entitled to the interim presumption of total disability due to pneumoconiosis pursuant to 20 C.F.R. § 727.203(a)(2). He also concluded that the employer had failed to rebut the presumption under any of the four provisions of 20 C.F.R. § 727.203(b). Without such rebuttal, the presumption is sufficient to establish pneumoconiosis.

On appeal, the Benefits Review Board agreed that the presumption had not been rebutted by any of the first three methods. However, it remanded the case to the administrative law judge to reconsider the evidence presented by the employer in an effort to establish that Campbell did not have pneumoconiosis under 20 C.F.R. § 727.203(b)(4).

 It is our opinion that the administrative law judge's decision was well reasoned and properly established his rejection of the evidence offered by the employer. We believe that in requiring the administrative law judge to reevaluate the evidence, the Board itself evaluated each fact and thus exceeded the narrow scope of review which it is accorded under 20 C.F.R. § 802.301. This statute provides that findings of fact by an administrative law judge shall be conclusive if supported by substantial evidence in the record as a whole. 33 U.S.C. § 921(b)(3). "The Board is not empowered to engage in *de novo* review of the record … and may not set aside an inference merely because it finds the opposite one more reasonable." *Bizzarri v. Consolidation Coal Co.*, 775 F.2d 751, 753 (6th Cir.1985) (citing *Peabody Coal Co. v. Benefits Review Board*, 560 F.2d 797, 802 (7th Cir.1977)). Thus, the Board *must* affirm the administrative law judge if his or her decision is supported by substantial evidence and is not irrational. *Id.* at 753, (citing *Moore v. Califano*, 633 F.2d 727, 729 (6th Cir.1980)). Therefore, as in *Bizzarri*, the test is not whether the Board's decision is supported by substantial evidence, but whether the Board was correct in concluding that the administrative law judge's decision was not supported by substantial evidence. *Id.* at 753. Here it is our opinion that the Board was incorrect in its conclusion.

We believe that the administrative law judge's original decision was rational, well documented and well reasoned. The administrative law judge noted the progressive nature of pneumoconiosis and the gradually worsening results of the ventilatory studies conducted. Though neither

the blood gas studies nor the x-rays constituted conclusive evidence of pneumoconiosis, negative results on these tests were not sufficient to rebut the presumption. On the contrary, positive findings on either of these tests would have made the invocation of the presumption unnecessary. *Ansel v. Weinberger,* 529 F.2d 304, 310 (6th Cir.1976). In asking the administrative law judge to reconsider the evidence contained in the report of Dr. Anderson, the Board exceeded its statutory function and impermissibly reweighed the evidence. The administrative law judge properly found that Dr. Anderson had not had the benefit of the most recent ventilatory study and also properly rejected Dr. Anderson's conclusory statement that Campbell's obstructive lung disease might be due to his cigarette habit which ended in 1965. Dr. Anderson never stated that Campbell had no lung disease, and even had his report been fully considered initially, it is difficult to see that it constituted sufficient rebuttal evidence.

■ It is well established that the Black Lung Benefits Act is to be liberally construed to assure widespread benefits to miners disabled by black lung disease. *Pavesi v. Director, Office of Workers' Compensation Programs, United States Dep't of Labor,* 758 F.2d 956, 964 (3d Cir.1985). Thus, for the decisionmaker to conclude that the claimant does not suffer from pneumoconiosis, the opposing party must point to persuasive evidence establishing this, as pneumoconiosis is defined in the statute and regulations. *Id.* at 965. The statutory definition includes but is not limited to coal worker's pneumoconiosis, as that term is used in the medical profession. It also includes any chronic pulmonary disease resulting in respiratory or pulmonary impairment significantly related to, or aggravated by, dust exposure in coal mine employment. *See* 20 C.F.R. § 727.202. Both Dr. Anderson and Dr. Oza agreed that Campbell suffered from pulmonary impairment. Campbell's thirty-five years of employment in the coal mines constitute sufficient evidence to indicate that his exposure to coal dust at least aggravated his condition. This, coupled with the most re-

cent ventilatory study invoked the presumption and constituted substantial evidence on which the administrative law judge properly based his initial decision. We find that the administrative law judge's conclusion that there was no persuasive evidence establishing the absence of pneumoconiosis in this case was proper. The Board was not entitled to draw the opposite conclusion in this case.

We therefore reverse the decision of the Benefits Review Board and remand for an award of benefits.

NORRIS, Circuit Judge, dissenting.

In 1981, an Administrative Law Judge concluded that Campbell was entitled to benefits under the Black Lung Benefits Act. In the course of his decision, the Administrative Law Judge determined that Campbell was entitled to the interim presumption of total disability due to pneumoconiosis, in view of his having been engaged in coal mine employment for a least ten years and the presence of a qualifying ventilatory study. See 20 C.F.R. 727.203(a). In addition, he concluded that the employer had failed to rebut the presumption by any of the four methods provided for by 20 C.F.R. 727.203(b).

On appeal, the Benefits Review Board agreed that the presumption had been invoked and had not been rebutted by any of the first three methods, but remanded the matter to the Administrative Law Judge to reconsider, under the fourth method, the rebuttal evidence presented by the employer in an effort to establish that Campbell did not have pneumoconiosis. 20 C.F.R. 727.203(b)(4).

Upon remand, the Administrative Law Judge reconsidered the evidence and concluded that the employer had rebutted the presumption and denied benefits. The Benefits Review Board affirmed.

The Benefits Review Board noted that the Administrative Law Judge found the report of Dr. C. Ludwig Anderson to be unpersuasive for two reasons—that the doctor had not had the benefit of the later

ventilatory function study, and that his opinion stated his belief that Campbell's lung disease may have been due to his former cigarette habit. The essence of the Benefits Review Board's concern, then, in remanding the case, was that the Administrative Law Judge had applied incorrect methodology in evaluating the weight to be attached to Dr. Anderson's report in determining whether it established that Campbell did not have pneumoconiosis.

The effect of the remand was to require the Administrative Law Judge to consider the report of Dr. Anderson in its entirety, as opposed to rejecting it outright because the Administrative Law Judge had reservations about several aspects of the report—that the doctor had speculated that Mr. Campbell's obstructive lung disease "may well be due to his long standing cigarette habit which ended in 1965," and his not having had the benefit of the later ventilatory study. The board did not tell the Administrative Law Judge to arrive at a specific factual conclusion upon remand; instead, it simply instructed the Administrative Law Judge to view the evidence in the proper legal context.

The Administrative Law Judge would have been warranted in rejecting Dr. Anderson's statement concerning cigarette smoking as the cause of Campbell's lung disease, because of the speculative language in which it was couched. However, as the board noted, rejection of this portion of the opinion, and presence of a later ventilatory study which might have affected the doctor's opinion as to the degree of Campbell's impairment, did not warrant the Administrative Law Judge's rejection, without discussion, of the other predicates for Dr. Anderson's opinion that Campbell did not have pneumoconiosis.

It is apparent that the Administrative Law Judge, in reconsidering Dr. Anderson's opinion upon remand, concluded that he had improperly discounted the opinion and that the doctor's conclusion that there was "no evidence of a pneumoconiotic disease process ... [and a lack of] ... sufficient objective evidence to justify a diagnosis of coal workers' pneumoconiosis" was entitled to greater weight than he had previously thought.

Because I am unable to say that the order of the Benefits Review Board, remanding the matter to the Administrative Law Judge, was so fact-oriented as to constitute a *de novo* review of the Administrative Law Judge's determination [see *Gibas v. Saginaw Mining Company*, 748 F.2d 1112 (6th Cir.1984) ], and am satisfied that the Administrative Law Judge engaged in an independent reassessment of the evidence upon remand, I conclude that the orders of the Benefits Review Board should be affirmed.