843 F.2d 1390
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
BETH-ELKHORN CORPORATION, Petitioner,
v.
Herbert COOK; Director, Office of Workers' Compensation
Program, United States Department of Labor;
Benefits Review Board Respondents.
 No. 87-3365.
 United States Court of Appeals, Sixth Circuit.
 April 7, 1988.
 
 Before RALPH B. GUY Jr., and BOGGS, Circuit Judges and JOHN W. PECK, Senior Circuit Judge.
 PER CURIAM.
 
 
 1
 This case comes before this court on an appeal by Beth-Elkhorn Corporation (the "Employer") from a Decision and Order of the Benefits Review Board, affirming an award to its former employee, Herbert Cook, under the Black Lung Benefits Act, 30 U.S.C. Sec. 901, et seq. The sole issue raised by the Employer on appeal relates to whether the Administrative Law Judge correctly found that the medical report of an examining physician, Dr. Ploy-Song-Sang, was not sufficient evidence to rebut the presumption of total disability due to pneumoconiosis under Section 727.203(b)(4).
 
 
 2
 Claimant Herbert Cook worked a total of at least 24 years as a coal miner from February, 1946 to January, 1980. He applied for Black Lung benefits in March, 1980. At the request of the Employer, a hearing was held before an ALJ on December 1, 1983. After making his initial findings, the ALJ examined the medical evidence and determined that the interim presumption could be invoked either under Section 727.203(a)(2) or (a)(4) by pulmonary function studies and medical reports.
 
 
 3
 The interim presumption, once invoked, may be rebutted pursuant to Section 727.203 by evidence which establishes that the claimant is doing his usual coal mine work or other comparable and gainful work (b)(1); that the claimant is capable of doing his usual coal mine work or other comparable and gainful work (b)(2); that the claimant's total disability did not arise out of coal mine employment (b)(3); or, that the claimant does not have pneumoconiosis (b)(4). The ALJ found that because "not one of the methods of rebuttal set out in Section 727.203(b) is satisfied by the evidence of record, the claimant, with the aid of the interim presumption, has demonstrated that he is totally disabled due to pneumoconiosis arising out of coal mine employment." The Benefits Review Board affirmed the decision of the ALJ.
 
 
 4
 Appellant argues that the ALJ used the incorrect standard in considering whether or not the presumption was rebutted under (b)(3) and therefore, by inference, applied the wrong standard to his consideration of the medical evidence in discussing rebuttal under (b)(4). The ALJ discredited Dr. Ploy-Song-Sang's opinion under subsection (b)(3) as lacking a "reasonable degree of medical certainty." Although, as appellant properly contends, this is not the proper standard of review, see Moseley v. Peabody Coal Co., 760 F.2d 257, 360 (6th Cir.1985), there is nevertheless no indication that the ALJ erred in his consideration of the evidence of record relevant to subsection (b)(4) and in his subsequent finding that the report of Dr. Ploy-Song-Sang was outweighed by the other evidence of record.
 
 
 5
 To rebut under subsection (b)(4), the Employer must point to persuasive evidence establishing that the claimant does not suffer from pneumoconiosis. Campbell v. Consolidation Coal Co., 811 F.2d 302, 304 (6th Cir.1987). The ALJ found that the numerous positive X-ray interpretations of record coupled with the uncontradicted record evidence of chronic obstructive lung disease outweighed the evidence favorable to the Employer. There is substantial evidence to support this conclusion. Drs. T.L. Wright, B. Wright, Pellegrino, and Nash diagnosed coal worker's pneumoconiosis, and Dr. Nassar diagnosed chronic obstructive pulmonary disease of unstated etiology.
 
 
 6
 We find that the ALJ properly considered the evidence of record relevant to subsection (b)(4), concluding that there was substantial evidence supporting his determination that the presumption of total disability was not rebutted. Accordingly, the decision of the Benefits Review Board is AFFIRMED.