857 F.2d 1474
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Bill CRAFT, Petitioner,
v.
SOUTH EAST COAL COMPANY; Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 87-3984.
 United States Court of Appeals, Sixth Circuit.
 Sept. 19, 1988.
 
 Before NATHANIEL R. JONES and RYAN, Circuit Judges, and THOMAS G. HULL, District Judge.*
 RYAN, Circuit Judge.
 
 
 1
 Petitioner Bill Craft appeals the administrative law judge's decision and order, affirmed by the Benefits Review Board, denying black lung benefits under Title IV of the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. Sec. 901 et seq. Petitioner argues that the ALJ erred in refusing to invoke the interim presumption of disability under subsections (a)(1), (a)(2), and (a)(4) of 20 C.F.R. Sec. 727.203.
 
 
 2
 Under 20 C.F.R. Sec. 727.203, eligibility for black lung benefits is rebuttably presumed if a miner employed in the coal industry for at least ten years meets one of the specified medical requirements, which include: (a)(1)--a chest X-ray establishing pneumoconiosis; (a)(2)--ventilatory studies establishing respiratory or pulmonary disease of a specified severity; or (a)(4)--other medical evidence, including the reasonable medical judgment of a physician, establishing a totally disabling respiratory or pulmonary impairment.[1] On September 25, 1984, the ALJ conducted a hearing at which the parties presented conflicting evidence relating to each of the above medical requirements, including nineteen readings of ten different X-rays, five ventilatory studies, and nine medical opinions. On February 6, 1985, the ALJ issued a decision and order in which he found, based on his review of the conflicting evidence, that petitioner had not established any of the medical requirements under 20 C.F.R. Sec. 727.203(a). The ALJ, therefore, denied petitioner's claim for benefits. On appeal, the Benefits Review Board affirmed the ALJ's decision and order, finding that any factual errors were harmless.
 
 
 3
 Factual findings of the ALJ "shall be conclusive if supported by substantial evidence in the record considered as a whole." 33 U.S.C. Sec. 921(b)(3); see also Campbell v. Consolidation Coal Co., 811 F.2d 302, 303 (6th Cir.1987). In Mullins Coal Co. v. Director, Office of Workers' Compensation Programs, 484 U.S. ----, 108 S.Ct. 427, 98 L.Ed.2d 450 (1987), the Supreme Court clarified the burden of proof a claimant must satisfy to invoke a presumption of eligibility for benefits under 20 C.F.R. Sec. 727.203. The Court held that a claimant must establish a qualifying medical fact under 20 C.F.R. Sec. 727.203(a) by a preponderance of the evidence, and the Court emphasized that "[t]he ALJ's task is, of course, to weigh the quality, and not just the quantity, of the evidence, before determining whether the presumption has been invoked." 98 L.Ed.2d at 463 n. 23. We hold that the ALJ's decision and order, in which the ALJ weighed the quality and quantity of conflicting evidence, is supported by substantial evidence in the record considered as a whole and is consistent with the Supreme Court's recent clarification in Mullins of the proper evidentiary standard under 20 C.F.R. Sec. 727.203. Accordingly, we AFFIRM the decision and order of the administrative law judge.
 
 
 
 *
 The Honorable Thomas G. Hull, Chief Judge of the United States District Court for the Eastern District of Tennessee, sitting by designation
 
 
 [1]
 Alternative medical requirements under subsections (a)(3) and (a)(5) of 20 C.F.R. Sec. 727.203 are not at issue in this case