867 F.2d 611
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Arnold CRAFT, Sr., Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 88-3078.
 United States Court of Appeals, Sixth Circuit.
 Feb. 2, 1989.
 
 Before BOYCE F. MARTIN, Jr., NATHANIEL R. JONES, and ALAN E. NORRIS, Circuit Judges.
 PER CURIAM.
 
 
 1
 This is a petition for review of an order of the Benefits Review Board of the United States Department of Labor ("Board"). The Board reversed an award by an administrative law judge ("ALJ") granting benefits to the petitioner under the Black Lung Benefits Act, as amended, 30 U.S.C. Secs. 901 et seq. ("Act"). For the reasons that follow, the decision of the Board is reversed.
 
 I.
 
 2
 Claimant-appellant, Arnold Craft, Sr., worked as a coal miner, for less than ten years, in a series of jobs between 1930 and 1942. He left the coal industry in 1942 and was employed in a series of manufacturing positions. From 1959 until 1980, Craft worked with the Ford Motor Company ("Ford") where he was a quality control inspector. Craft testified that while employed at Ford, he was regularly required to carry car and truck parts weighing between 50 and 90 pounds for a distance of 20 feet. He retired from Ford in 1980 when he became eligible to receive a pension.
 
 
 3
 The medical evidence here consists of x-rays and x-ray readings, ventilatory studies, blood gas studies and physician's reports. The record shows that a chest x-ray taken on April 13, 1979 was interpreted as "completely negative" by Dr. Philip Lockhart. On June 22, 1979, Dr. Harold Spitz reread those x-rays and interpreted them negative for pneumoconiosis, but evidencing pleural thickening.
 
 
 4
 On April 13, 1979, Dr. Thomas Lavelle conducted a ventilatory function study which yielded an FEV1 of 2.67 liters and a MVV of 77.2 liters per minute. Dr. Lavelle also conducted a blood gas study which did not meet qualifying standards. A second ventilatory function study was conducted on December 19, 1983 which resulted in an FEV1 of 2.11 liters and a MVV of 100 liters per minute. However, Dr. Sarah Long, a medical consultant for the Department of Labor, invalidated the 1983 FEV1 result because Craft exerted less than optimal effort. This conclusion was predicated on Dr. Long's observation that there was more than a 5% variation between the claimant's two FEV1 tests. Dr. Long, however, stated that the MVV result appeared valid.
 
 
 5
 Based upon his April 13, 1979 physical examination of Craft and the above-referenced ventilatory and gas studies, Dr. Lavelle concluded that Craft suffered from hypertension and chronic bronchitis. Furthermore, he noted that Craft had a history of arteriosclerotic coronary disease, and had suffered a heart attack in 1975. He additionally noted that Craft smokes two packages of cigarettes daily. Dr. Lavelle concluded that Craft did not have any clinically significant lung disease, and he also found that Craft's exposure to coal dust was not related to his symptom of dyspnea.
 
 
 6
 A second report, dated January 7, 1984 and issued by Dr. Howard Henry, states that he has treated Craft for ten years for "chronic obstructive lung disease." Dr. Henry stated that his diagnosis was confirmed by the December 19, 1983 pulmonary function test, the test which Dr. Long invalidated. Dr. Henry also based his opinion on Craft's history and clinical findings, although there is no evidence of such data in the record. Dr. Henry concluded that Craft's respiratory problems are related to his coal mine employment, and that this condition made it impossible for him to perform certain heavy work.
 
 
 7
 Craft filed a claim for black lung benefits on September 20, 1976. On August 9, 1979, the claim was denied by the Department of Labor. On July 30, 1985, after a tortured procedural course, an administrative hearing was held and, on December 20, 1985, the ALJ issued a decision awarding benefits to Craft. The Director appealed the ALJ's decision to the Board. On November 30, 1987, the Board reversed the ALJ's award of benefits, finding that Dr. Henry's opinion was neither reasoned nor documented because "the history and clinical findings upon which Dr. Henry bases his opinions are not contained in the record...." J.App. at 12. On January 29, 1988, Craft timely filed a petition for review of the Board's decision.
 
 II.
 
 8
 In reviewing decisions of the Board, we look to determine whether the Board adhered to its statutory scope of review. Director v. Rowe, 710 F.2d 251, 254 (6th Cir.1983). The Board may reverse a decision of the ALJ only where the Board finds it is not supported by substantial evidence or in accordance with the law, and may not engage in a de novo review of an ALJ's determination. Gibas v. Saginaw Mining Co., et al., 748 F.2d 1112, 1116 (6th Cir.1984) (citing 20 C.F.R. Sec. 802.301 (1984)); Rowe, 710 F.2d at 254. Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971).
 
 III.
 
 9
 Craft claims the Board's analysis was inappropriate because the determination of whether a medical report can support a finding of disability is a question of fact for the ALJ. In support of this claim, Craft relies upon this court's decision in Rowe, supra. In Rowe we criticized the Board for concluding, as a matter of law, that a certain medical report was reasoned and documented because the doctor had asserted that it was based on medical studies. We observed that the "reasoned and documented determination" is for the ALJ to undertake because it involves a question of fact, and further recognized that this determination "requires the factfinder to examine the validity of the reasoning of the medical opinion in light of the studies conducted and the objective indications upon which the medical opinion or conclusion is based." Rowe, 710 F.2d at 255. In addition, we stated that the ALJ must consider contrary results or diagnoses in determining whether a presumption applies and whether the claimant is disabled.
 
 
 10
 In the instant matter, the Board determined that the ALJ erred in finding Dr. Henry's report to be documented and reasoned, finding that the history and clinical findings upon which he based his opinion were not included in the record. However, the ALJ here reviewed Dr. Henry's report, weighed it against Dr. Lavelle's report, and credited it over Dr. Lavelle's report because "it is the most recent report concerning Claimant's current respiratory status." J.App. at 8. While noting that Dr. Henry's report was "not very comprehensive," the ALJ found that it met the requirements for a documented medical report and was completed five years after Dr. Lavelle's report. Further, the ALJ noted that "[t]he results of the pulmonary function test study upon which Dr. Henry relied are incorporated in the record." J.App. at 8. In view of these facts, we conclude that the Board has "reweighed the evidence considered by the ALJ in his factual determination and has exceeded its authorized scope of review." Campbell v. Consolidated Coal Co., 811 F.2d 302, 303 (6th Cir.1987).
 
 
 11
 This court has held that the determination of whether a physician's report "is sufficiently documented and reasoned is a credibility matter left to the trier of fact." Moseley v. Peabody Coal Co., 769 F.2d 357, 360 (6th Cir.1985). Therefore, the Board erred when it failed "to remand the case to the ALJ pursuant to 33 U.S.C. Sec. 921(b)(4)." Rowe, 710 F.2d at 255. Thus, the determination concerning whether Dr. Henry's report was documented and sufficiently reasoned is a matter for the factfinder. Id. Because the ALJ failed to consider the validity of the medical reasoning of Dr. Henry's report, in light of the invalidation of the 1983 pulmonary function study by Dr. Long, we remand the case for further consideration of Dr. Henry's report.
 
 IV.
 
 12
 Accordingly, the judgment of the Board is VACATED and the case is REMANDED to the ALJ for further proceedings consistent with this opinion.