872 F.2d 1026
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Henderson MELTON, Petitioner,
v.
WHITAKER COAL COMPANY, Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 88-3243.
 United States Court of Appeals, Sixth Circuit.
 March 31, 1989.
 
 Before KEITH, BOYCE F. MARTIN, Jr., and RYAN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Henderson Melton, a coal miner, appeals the decision of the Benefits Review Board of the U.S. Department of Labor affirming the administrative law judge's determination that Melton was not entitled to black lung benefits on his claim filed under the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. Sec. 901 et seq.
 
 
 2
 Henderson Melton of London, Kentucky is approximately sixty-four years of age. Melton filed for benefits on May 26, 1977. The U.S. Department of Labor issued a notice of initial finding on October 30, 1979 designating Whitaker Coal Company as the responsible operator. On November 28, 1979, Whitaker Coal filed its controversion. On May 15, 1980, the U.S. Department of Labor issued a Notice of Initial Determination. The claim was referred to the Office of Administrative Law Judges by the Deputy Commissioner's memorandum of November 19, 1980. On November 18, 1983 a hearing was conducted in Mt. Vernon, Kentucky before the administrative law judge Daniel Goldstein.
 
 
 3
 The administrative law judge found that Melton had in excess of sixteen years of coal mine employment and that his work involved significant exposure to coal mine dust. Melton, however, did not become entitled to the benefits of a legal presumption of total disability due to pneumoconiosis arising out of his more than ten years of coal mine employment. 20 C.F.R. Sec. 727.203(a). The administrative law judge found that Melton did not meet any of the four medical criteria outlined in the subsections of Sec. 727.203(a) and, therefore, failed to qualify for the rebuttable legal presumption provided by that section. The administrative law judge determined that no physician, including Melton's treating physician, had found Melton totally disabled due to pneumoconiosis or some other respiratory disease and, therefore, Melton could not invoke the legal presumption under 20 C.F.R. Sec. 727.203(a)(4). The administrative law judge also found the evidence of record insufficient to establish entitlement pursuant to 20 C.F.R. Part 410, Subpart D. Melton could not prove that he was totally disabled due to pneumoconiosis and, therefore, he was not entitled to benefits under Subpart D of Part 410.
 
 
 4
 Our scope of review is limited in this case. This court must determine whether the board was correct in concluding that the administrative law judge's decision was supported by substantial evidence. Campbell v. Consolidation Coal Co., 811 F.2d 302, 303 (6th Cir.1987). We find that the Benefits Review Board was correct in concluding that the administrative law judge's decision was supported by substantial evidence.
 
 
 5
 The Benefits Review Board concluded that the administrative law judge acted within its discretion in finding that the presumption under Sec. 727.203(a)(4) was not invoked. The Benefits Review Board found that the administrative law judge weighed the conflicting medical reports, which included assessments of the degree of Melton's impairment, and concluded that the evidence failed to establish the existence of a totally disabling respiratory or pulmonary impairment. Two of the three doctors expressing an opinion on the degree of Melton's impairment gave the opinion that Melton was able to do ordinary manual labor. The Board of Review determined that the administrative law judge's findings of fact were supported by substantial evidence, were rational and consistent with applicable law. Finally, because under Youghiogheny & Ohio Coal Company v. Milliken, No. 88-3213, slip op. at 1 (6th Cir.1988), evidence sufficient to rebutt Sec. 727.203 is also sufficient to rebutt Sec. 410.490, the administrative law judge did not err in failing to consider entitlement to the presumption of Sec. 410.490.
 
 
 6
 For the reasons stated above, we affirm.