7 F.3d 232
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Charles BAILEY, Petitioner,
v.
INCOAL, INC., and Director of Workers' Compensation
Programs, United States Department of Labor, Respondent.
 No. 92-4329.
 United States Court of Appeals, Sixth Circuit.
 Oct. 1, 1993.
 
 Before: MILBURN and NELSON, Circuit Judges; and GILMORE, Senior District Judge.*
 PER CURIAM.
 
 
 1
 Claimant Charles Bailey appeals from a decision and order of the Benefits Review Board ("BRB") affirming the decision and order of an administrative law judge ("ALJ"), which denied his claim for black lung benefits filed pursuant to the Black Lung Benefits Act, 30 U.S.C. § 901, et seq. On appeal, the issues presented are (1) whether the claimant is entitled to the presumption of disability set forth in 20 C.F.R. § 410.490, and (2) whether the claimant is entitled to black lung benefits. For the reasons that follow, we affirm.
 
 I.
 A.
 
 2
 Claimant, a resident of Floyd County, Kentucky, applied for federal black lung benefits on June 27, 1977. An initial determination that claimant was entitled to benefits was made on March 11, 1981. The employer, Incoal Inc., challenged the initial determination that claimant was entitled to benefits.
 
 
 3
 Subsequently, the matter was referred to the Office of Administrative Law Judges of the United States Department of Labor ("DOL") for a hearing. A hearing was held before an ALJ in Prestonsburg, Kentucky, on June 14, 1984. In a decision and order issued on April 23, 1985, the ALJ determined that claimant was not entitled to benefits.
 
 
 4
 The ALJ determined that claimant had established 21 years of qualifying coal mine employment. Consequently, the ALJ analyzed claimant's entitlement to benefits under the interim DOL regulations in 20 C.F.R. Part 727. The ALJ determined that the interim presumption was invoked by the x-ray evidence of record pursuant to 20 C.F.R. § 727.203(a)(1); however, the ALJ determined that the interim presumption of eligibility had been rebutted by the absence of a respiratory or pulmonary impairment pursuant to 20 C.F.R. § 727.203(b)(2).
 
 
 5
 On appeal to the BRB, claimant challenged only the ALJ's rebuttal finding under § 727.203(b)(2). However, by the time the BRB considered claimant's appeal, this court had altered the manner of demonstrating rebuttal under § 727.203(b)(2). See York v. Benefits Review Board, 819 F.2d 134 (6th Cir.1987). On December 27, 1987, the BRB vacated the ALJ's decision and remanded the matter for further consideration in light of York. In addition, the BRB ordered the ALJ to consider entitlement under 20 C.F.R. § 410.490, the interim regulations used by the Department of Health, Education and Welfare in adjudicating black lung claims[1] the event that entitlement could not be accomplished under Part 727. See Kyle v. Director, OWCP, 819 F.2d 139 (6th Cir.1987), cert. denied, 488 U.S. 997 (1988).
 
 
 6
 Thereafter, the employer filed a motion to reconsider with the BRB, and the Board granted the motion. In a decision and order on reconsideration issued on June 23, 1988, the BRB instructed the ALJ to reconsider invocation of the interim presumption under § 727.203(a)(1), finding that the ALJ had failed to take into consideration all of the relevant x-ray evidence.
 
 
 7
 On remand, a different ALJ considered the case because the first ALJ was no longer with DOL.[2] In a decision and order on remand dated July 17, 1989, the ALJ analyzed the claim under § 410.490 instead of the Part 727 regulations based upon his erroneous belief that the Supreme Court had invalidated the Part 727 regulations. See Pittston Coal Group v. Sebben, 488 U.S. 105 (1989).[3]
 
 
 8
 Nevertheless, the ALJ followed the BRB's instruction to reconsider the x-ray evidence. He concluded that the claimant had failed to establish entitlement to benefits under either § 410.490 or the permanent criteria at 20 C.F.R. Part 410.
 
 
 9
 Claimant again appealed to the BRB. He argued that the ALJ should have given greater weight to the x-ray interpretations that were favorable to him and that rebuttal had not been established under § 727.203(b)(3). In a decision and order issued on October 19, 1992, the BRB upheld the ALJ's denial of benefits on remand. The Board noted that pursuant to the decision in Pauley, it was clear the claimant's application for benefits should be adjudicated under Part 727, not § 410.490. However, the BRB found that based upon the ALJ's findings of fact pursuant to § 410.490, it was clear to the Board that claimant could not establish entitlement to benefits under either the interim DOL regulations in 20 C.F.R. Part 727 or the permanent DOL criteria in 20 C.F.R. Part 718. This timely appeal followed.
 
 B.
 
 10
 Claimant was born on July 31, 1933. He completed his formal education through the seventh grade. Claimant's coal mine employment included work as a shuttle buggy driver, a driller, a tipple operator and an underground repairman. Claimant was employed as an underground repairman for his last six consecutive years in the coal mines.
 
 
 11
 Claimant terminated his coal mine employment after an accident which occurred on January 18, 1977, in which he was crushed between a conveyor belt and a belt roller. The accident resulted in a crushing injury to claimant's chest and hand as well as several fractured ribs. Claimant was hospitalized for 30 days as a result of the accident and had several ribs removed. Claimant has not performed any substantial gainful activity since the date of his accident.
 
 
 12
 Although claimant alleged that he suffered from breathing problems prior to his accident, he worked regularly and never received any complaints concerning his ability to do his job. Furthermore, at one time during his coal mine employment, claimant performed heavy work with a helper; however, during the last three years that he was employed, claimant's job did not involve heavy labor. Claimant receives workers' compensation and social security disability benefits for the injuries he received at work.
 
 
 13
 At the time of the hearing, claimant was taking medication for high blood pressure, pain, arthritis, a nervous condition, and two types of medication for his breathing. Claimant testified that he was unable to do any significant climbing or walking, does no significant housework or yard work, and had to give up hunting, which he was able to enjoy in the past. Claimant also testified that he sleeps on two pillows and suffers from both wheezing and a productive cough daily. Claimant is a cigarette smoker, having smoked one-half a pack of cigarettes daily for at least thirty years.
 
 
 14
 The medical evidence in this case consists of x-ray interpretations, objective laboratory tests, and medical opinions from doctors who examined claimant in connection with his claim for benefits. Five chest x-rays were taken from August 1977 through April 1981, and twelve physicians interpreted the x-rays. The record also contains the results of four pulmonary function studies taken during the period between August 1977 and April 1981. In addition, the record contains the results of three pulmonary function studies taken between March 26, 1979, and April 7, 1981.
 
 
 15
 The record also contains several physicians' opinions. Claimant was examined on August 19, 1977, by Dr. Lowell Martin. Based upon a physical examination and a chest x-ray, which he interpreted as being positive for the presence of simple pneumoconiosis, Dr. Martin diagnosed angina pectoris with hypertensive cardiovascular disease, pneumoconiosis, and a recent chest injury. Dr. Martin stated that in his opinion claimant was totally disabled from all gainful activity on the basis of his diagnoses, and he checked the box on the Department of Labor report form indicating his opinion that the diagnosed condition was related to dust exposure. Pulmonary function studies were also requested by Dr. Martin, and they were performed on August 20, 1977; however, Dr. Martin's report is dated August 19, 1977. Thus, it is unclear whether or not Dr. Martin considered the results of the pulmonary function studies in reaching his diagnosis and opinion.
 
 
 16
 On December 19, 1980, claimant was examined by Dr. Richard P. O'Neill, a pulmonary specialist. Based upon a medical history, a physical examination, a chest x-ray, pulmonary function studies, and arterial blood gas studies, Dr. O'Neill diagnosed mild small airways disease, chronic bronchitis, mild hypertension, anxiety, and a history of left hemothorax. Dr. O'Neill found that claimant had "the respiratory physiological capacity to carry out the work of a coal miner or other work requiring similar physical exertion." J.A. 92.
 
 
 17
 Dr. John E. Myers examined claimant on December 19, 1980. Based upon a physical examination, an ECG, pulmonary function studies, blood gas studies, and a chest x-ray, Dr. Myers noted that claimant was very limited in his ability to perform even normal daily activities due to his left chest injury. Dr. Myers also stated that claimant's disability was "primarily pulmonary, although not related to silicosis but to his chest injury. I find no definite evidence of silicosis, in fact." J.A. 51.
 
 
 18
 An examination of claimant was performed on April 7, 1981, by Dr. Ballard Wright. Based upon a medical history, physical examination, chest x-ray, an ECG, pulmonary function studies, and blood gas studies, Dr. Wright diagnosed pneumoconiosis, suspected arteriosclerotic heart disease, chest deformity due to trauma with residual pain, and hypertension. Dr. Wright's opinion was that claimant would not be able to perform his past work as a coal miner, but that claimant could perform tasks of mild to moderate exertional levels. Dr. Wright also noted that claimant's arteriosclerotic heart disease and hypertension could account for some of his shortness of breath and chest pain and could also account for some of his disability. Finally, Dr. Wright stated his opinion that claimant was not disabled under the Federal Black Lung Standards.
 
 
 19
 On August 15, 1983, Dr. O'Neill issued a report stating that he had examined the medical evidence in this case, which included his own previous examination of the claimant. Dr. O'Neill concluded that based upon all of the evidence he examined, there was no evidence of significant respiratory functional impairment and that claimant retained the functional capacity to perform normal coal mine activity.
 
 II.
 A.
 
 20
 A decision by the BRB must be affirmed on appeal if the Board has not committed any legal error or exceeded its statutory scope of review of the ALJ's factual determinations. See Director, OWCP v. Quarto Mining Co., 901 F.2d 532, 536 (6th Cir.1990). This court reviews the decisions below only to decide whether they are supported by substantial evidence and in accordance with the applicable law. See Kolesar v. Youghiogheny & Ohio Coal Co., 760 F.2d 728, 729 (6th Cir.1985) (per curiam). Substantial evidence is such relevant evidence which a reasonable mind would accept as adequate to support a conclusion. See Ramey v. Kentland Elkhorn Coal Corp., 755 F.2d 485, 488 (6th Cir.1985). Given this limited scope of review, this court cannot substitute its own judgment for that of the ALJ when the ALJ has carefully considered each part of the evidence. See Knuckles v. Director, OWCP, 869 F.2d 996, 998 (6th Cir.1989).
 
 
 21
 Moreover, the standards of review for the BRB and this court are the same. See Welch v. Benefits Review Bd., 808 F.2d 443, 445 (6th Cir.1986) (per curiam). Consequently, on appeal, review should be focused on whether the ALJ, rather than the Board, had substantial evidence on which to base his or her decision. See Zimmerman v. Director, OWCP, 871 F.2d 564, 566 (6th Cir.1989); Campbell v. Consolidation Coal Co., 811 F.2d 302, 303 (6th Cir.1987). In deciding whether a decision fulfills the "substantial evidence" requirement, this court may consider whether an ALJ adequately explained the reasons for crediting certain testimony and evidence over other evidence in the record to either award or deny a claim. See Director, OWCP v. Congleton, 743 F.2d 428, 430 (6th Cir.1984).
 
 B.
 
 22
 Claimant argues that the ALJ erred in finding that he had failed to invoke the presumption of total disability due to pneumoconiosis pursuant to 20 C.F.R. § 410.490. Specifically, claimant challenges the ALJ's method of weighing the evidence, particularly the x-rays and spirometry (pulmonary function studies). According to claimant, these "medical reports were generally submitted without the benefit of a personal examination of [claimant] by the reporting doctors, and ... have little or no probative value." Appellant's brief, p. 4. Claimant goes on to further state that "[t]he doctor interpreting the spirometry never examined or treated [claimant]. He merely looked at the spirometry values. He did not express an opinion as to whether or not his [patient] is able to do coal mine work or other comparable or gainful work." Appellant's brief, p. 5. However, the cases cited by claimant for the proposition that the ALJ improperly weighed the evidence, namely, Landress v. Weinberger, 490 F.2d 1187 (8th Cir.1974); Whitson v. Finch, 437 F.2d 728 (6th Cir.1971); Whitt v. Gardner, 389 F.2d 906 (6th Cir.1968); Mefford v. Gardner, 383 F.2d 748 (6th Cir.1967); and Wayne v. Finch, 313 F.Supp. 898 (M.D.N.C.1969), are all cases which involve claims for Social Security disability benefits. Claims for Social Security disability benefits are adjudicated under an entirely different set of regulations (20 C.F.R. Part 404) than are claims for black lung benefits.[4] Thus, these cases are inapplicable in this situation.
 
 
 23
 Furthermore, claimant's arguments have entirely missed the point, because § 410.490 is not applicable to his claims. Section 410.490 must be applied to claims which, by their filing date or status, would be subject to review under Part 727 of the regulations, where claimant has not established 10 years of coal mine employment. Sebben, 488 U.S. at 115-17. This court has held that § 410.490 should not be applied to claims where the miner has established ten or more years of coal mine employment, regardless of whether a claimant is able to invoke the interim presumption under Part 727. Youghiogheny & Ohio Coal Co. v. Milliken, 866 F.2d 195, 201 (6th Cir.1989).
 
 
 24
 In this case it is undisputed that claimant filed his claim for benefits prior to March 31, 1980, and that he has established 21 years of qualifying coal mine employment. Thus, claimant's claim for black lung benefits is properly adjudicated under the Part 727 regulations, not the § 410.490 regulations as he asserts. Id. Accordingly, claimant's argument that he was entitled to invoke the interim presumption of § 410.490 is meritless.
 
 C.
 
 25
 Claimant also makes the somewhat generalized argument that he is entitled to federal black lung benefits. As previously noted, the Part 727 regulations apply to his claim. However, on remand, due to an erroneous interpretation of the law, the ALJ ignored the BRB's order to consider the claim under Part 727, and, instead, considered the claim under the regulations in § 410.490 and 20 C.F.R. Part 410.
 
 
 26
 Specifically, under § 410.490(b)(1)(i), the ALJ determined that the miner had failed to establish the existence of pneumoconiosis. Under § 410.490(b)(1)(i), a miner can establish the existence of pneumoconiosis on the basis of the chest x-ray, autopsy, or biopsy evidence of record. There is no autopsy or biopsy evidence in this case. Moreover, in weighing the x-ray evidence of record, the ALJ accorded greater weight to the x-ray interpretations made by the physicians with superior qualifications and found that based upon the predominance and recency of the negative readings by physicians with greater qualifications, the x-ray evidence did not establish the existence of pneumoconiosis.
 
 
 27
 The interim presumption of § 410.490 may also be invoked under § 410.490(b)(1)(ii) if the results of the pulmonary function studies establish the presence of a total respiratory or pulmonary disability. However, because all of the pulmonary function studies of record produced non-qualifying values, the ALJ found that the interim presumption was not invoked under § 410.490(b)(1)(ii).
 
 
 28
 Because the claimant had failed to invoke the interim presumption of § 410.490, the ALJ then considered the claim under the regulations in 20 C.F.R. Part 410. Under 20 C.F.R. § 410.414(a), the ALJ found that the evidence did not establish the presence of pneumoconiosis, because there was no autopsy or biopsy evidence and the ALJ had already weighed the x-ray evidence of record and determined that it failed to establish the existence of pneumoconiosis.
 
 
 29
 The ALJ further noted that claimant had not challenged the determination of the previous ALJ that the blood gas studies of record had produced non-qualifying values. Finally, the ALJ adopted the finding made by the previous ALJ that claimant had a disabling impairment which resulted from a chest deformity, hypertension, and anxiety, and not from any underlying pulmonary disease. In reaching his conclusion, the ALJ noted that claimant had not challenged the previous ALJ's finding that Dr. Martin's opinion was not credible. The ALJ further noted that Dr. Wright did not consider claimant disabled under the federal black lung standards; that Dr. Myers found no evidence of pneumoconiosis and found that claimant's only disability was due to the residuals of his chest trauma; and that Dr. O'Neill, a pulmonary specialist, found no significant respiratory functional impairment and that claimant had the functional capacity to perform normal coal mine work. Accordingly, the ALJ found that after considering all of the medical evidence of record, it failed to establish the existence of a totally disabling chronic respiratory or pulmonary impairment.
 
 
 30
 On appeal, the Board recognized that claimant's application for benefits should have been adjudicated pursuant to 20 C.F.R. Part 727. Rather than remanding the case to the ALJ for further consideration, the Board simply applied the ALJ's findings of fact to the appropriate regulations and concluded that claimant was not entitled to benefits.
 
 
 31
 The BRB has a limited scope of review. The Board is obligated to accept the ALJ's findings of fact "if they are supported by substantial evidence in the record considered as a whole." Director, OWCP v. Consolidation Coal Co., 884 F.2d 926, 929 (6th Cir.1989). The Board may not conduct a de novo review or substitute its own factual findings because it believes them to be more reasonable than the ALJ's factual conclusions. Id. However, both the Board and this court have plenary authority to review questions of law. Id. "When the ALJ fails to make important and necessary factual findings, the proper course for the Board is to remand the case to the ALJ pursuant to 33 U.S.C. § 921(b)(4) rather than attempting to fill the gaps in the ALJ's opinion." Director, OWCP v. Rowe, 710 F.2d 251, 255 (6th Cir.1983). However, the Board does not exceed its scope of review when it merely applies the regulations to the facts of the case. See e.g., Director, OWCP v. Gurule, 653 F.2d 1368 (10th Cir.1981).
 
 
 32
 Under § 727.203(a)(1), the interim presumption can be invoked by x-ray, biopsy, or autopsy evidence which established the presence of pneumoconiosis. As earlier stated, there is no autopsy or biopsy evidence of record. Further, based upon the ALJ's finding that the x-ray evidence did not establish the existence of pneumoconiosis, the BRB found that the interim presumption was not invoked under § 727.203(a)(1). Moreover, the ALJ's factual finding that the x-rays did not establish the existence of pneumoconiosis is supported by substantial evidence. In weighing the x-ray evidence, the ALJ gave greater weight to the interpretations by the physicians with superior qualifications and also gave greater weight to the more recent x-rays. This court has held that it is reasonable for an ALJ to consider the qualifications of the x-ray interpreters, Back v. Director, OWCP, 796 F.2d 169, 172 (6th Cir.1986), and we have also approved the practice of assigning greater weight to the more recent evidence due to the progressive and irreversible nature of pneumoconiosis. Orange v. Island Creek Coal Co., 786 F.2d 724, 727 (6th Cir.1986).
 
 
 33
 Further, the BRB also concluded that the interim presumption could not be invoked by the results of the pulmonary function studies and arterial blood gas studies under §§ 727.203(a)(2) and (a)(3), respectively. The Board noted that the first ALJ had analyzed the evidence under the Part 727 regulations and found that there were no qualifying pulmonary function or blood gas studies of record. Claimant did not challenge the first ALJ's findings of fact on appeal to the Board.
 
 
 34
 Finally, the Board concluded that claimant could not invoke the interim presumption on the basis of the medical reports of record under § 727.203(a)(4). First, the first ALJ found that the interim presumption was not invoked under § 727.203(a)(4), a finding which was not challenged before the BRB. Second, the second ALJ considered all of the medical evidence of record and found that the medical reports did not demonstrate the presence of total disability. The second ALJ adopted the first ALJ's finding that Dr. Martin's report was not credible, a finding which claimant did not challenge before the Board. Further, none of the other physicians of record opined that claimant was totally disabled, much less that he was totally disabled by pneumoconiosis. Thus, substantial evidence supports the second ALJ's factual finding that the medical reports do not establish the presence of a totally disabling respiratory or pulmonary condition. Thus, the Board properly concluded, applying the ALJ's factual findings to the Part 727 regulations, that claimant had not established entitlement to benefits under Part 727 because he was unable to invoke the interim presumption of § 727.203(a).
 
 D.
 
 35
 When it is determined that a claimant has failed to invoke the interim presumption of Part 727 and the claim was filed before March 31, 1980, but adjudicated after that date, the claim must also be considered by the ALJ under the permanent DOL regulations found in 20 C.F.R. Part 718. See 20 C.F.R. § 727.204(c); Saginaw Mining Co. v. Ferda, 879 F.2d 198, 204 (6th Cir.1989); Knuckles, 869 F.2d at 999. The ALJ did not address the issue of entitlement under 20 C.F.R. Part 718. However, the BRB did, stating:
 
 
 36
 Inasmuch as we affirm the administrative law judge's finding that there were no qualifying pulmonary function studies or arterial blood gas studies in the record, and the objective studies of record yielded nonqualifying values pursuant to 20 C.F.R. Part 718 and that the medical reports of record failed to establish that claimant was totally disabled, a finding that claimant established a totally disabling respiratory or pulmonary impairment pursuant to 20 C.F.R. § 718.204(c)(1), (c)(2) and (c)(4) is precluded ... Furthermore, we note that there is no evidence of cor pulmonale with right-sided congestive heart failure in the record. See 20 C.F.R. § 718.204(c)(3). Total disability, an essential element of entitlement under the Act, cannot be established, and benefits are precluded under 20 C.F.R. § 718.204(c)(1)-(c)(4).
 
 
 37
 J.A. 7. At the outset, it should be noted that claimant did not raise the issue of whether this claim should have been adjudicated under Part 718 before the BRB. Under the doctrine of administrative exhaustion, we decline to consider an argument which was not raised in agency proceedings prior to appeal to this court. Hix v. Director, OWCP, 824 F.2d 526 (6th Cir.1987); Director, OWCP v. North American Coal Corp., 626 F.2d 1137 (3d Cir.1980). However, because the BRB sua sponte raised the issue of entitlement under Part 718, we may consider this issue on appeal.
 
 
 38
 In this case, the BRB properly concluded, based upon the ALJ's factual findings, that claimant cannot establish entitlement under 20 C.F.R. Part 718. Total disability is an essential element of entitlement to benefits under 20 C.F.R. Part 718. Adams v. Director, OWCP, 886 F.2d 818, 820 (6th Cir.1989). Total disability under 20 C.F.R. Part 718 may be established through the criteria set forth in 20 C.F.R. §§ 718.204(c)(1)-(c)(5). Subsections (c)(5) is inapplicable to this case because it applies only to survivor's claims. Moreover, total disability cannot be established under subsections (c)(1), (c)(2), or (c)(3), because the pulmonary function studies and arterial blood gas studies of record all have produced nonqualifying values and the record contains no evidence of cor pulmonale with right sided heart failure. Furthermore, total disability cannot be established on the basis of the physicians' reports or record under subsection (c)(4) because the second ALJ weighed the medical reports and found that they failed to establish the existence of a totally disabling chronic respiratory or pulmonary impairment. As we have noted above, the ALJ's factual finding is supported by substantial evidence. Therefore, the BRB properly concluded, utilizing the ALJ's factual findings, that the claimant cannot establish total disability under § 718.204.
 
 
 39
 Further, claimant cannot establish entitlement to benefits under § 718.305. Section 718.305 provides a rebuttable presumption that a miner is totally disabled due to pneumoconiosis if the miner was employed for 15 or more years in underground coal mining and if the evidence demonstrates the existence of a totally disabling respiratory or pulmonary impairment notwithstanding the presence of negative x-rays. Section 718.305 does not apply to claims for benefits filed after January 1, 1982. 20 C.F.R. § 718.305(e). Here, the claimant had fifteen or more years of underground coal mine employment, and he filed his claim for benefits well before January 1, 1982. However, for purposes of § 718.305, the determination of whether a totally disabling respiratory or pulmonary impairment exists is to be made in accordance with § 718.204. See 20 C.F.R. § 718.305(d). Thus, claimant cannot establish entitlement under 20 C.F.R. § 718.305 because, as discussed above, he cannot establish the existence of total disability under § 718.204.
 
 
 40
 Finally, in Belcher v. Director, OWCP, 895 F.2d 244 (6th Cir.1989), this court held that harmless error resulted when the ALJ adjudicated claimant's application for benefits under the regulations in 20 C.F.R. Part 410 rather than 20 C.F.R. Part 718, because the state of the law was in flux. Id. at 246. The court noted that since the claimant's proof failed to establish total disability under either Part 410 or Part 718, the error was harmless. Id. In this case, due to the uncertain state of the law, the ALJ adjudicated claimant Bailey's application for benefits under the regulations at 20 C.F.R. § 410.490 and Part 410, rather than using the regulations at Part 727 and Part 718. However, because the evidence submitted by Bailey does not establish the existence of total disability under any of the regulations, the error is likewise harmless.
 
 III.
 
 41
 For the reasons stated, the decision of the Benefits Review Board is AFFIRMED.
 
 
 
 *
 Honorable Horace W. Gilmore, Senior United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 Prior to the passage of the Black Lung Benefits Reform Act of 1977, the Secretary of Health, Education and Welfare (now Health and Human Services) had the responsibility of adjudicating claims for federal black lung benefits. With the passage of the Act, that responsibility was transferred to the Secretary of Labor
 
 
 [2]
 The parties were given an opportunity to object to the transfer of the case to a different ALJ, but neither party did
 
 
 [3]
 In fact, subsequent to the ALJ's decision the Supreme Court upheld the Part 727 regulations. See Pauley v. BethEnergy Mines, Inc., 111 S.Ct. 2524 (1991)
 
 
 [4]
 Curiously, the claimant also asserts that the ALJ failed to comply with the regulations at 20 C.F.R. § 410.314(c). However, there are no such regulations