888 F.2d 1391
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Johnny O. BELCHER, Petitioner-Appellant,
v.
DIRECTOR, OWCP, Respondent-Appellee.
 No. 89-3152.
 United States Court of Appeals, Sixth Circuit.
 Nov. 8, 1989.
Opinion Published in Full 895 F.2d 244.
 
 Before KEITH, MILBURN, and ALAN NORRIS, Circuit Judges.
 PER CURIAM:
 
 
 1
 Petitioner, Johnny O. Belcher ("Belcher"), appeals from the December 30, 1988 decision and order of the Benefits Review Board ("the Board"), denying his claim under the Black Lung Benefits Act, as amended, 30 U.S.C. Sec. 932(A) ("the Act"). For the reasons stated below, we AFFIRM.
 
 I.
 
 2
 On December 23, 1972, Belcher applied for benefits under Part B of the Act, as amended, 30 U.S.C. Secs. 901-945. The Social Security Administration ("SSA") initially denied the claim on June 27, 1973, and ultimately on September 6, 1974. On April 5, 1978, Belcher elected Social Security review of his denied claim. After the SSA denied benefits, the case was forwarded to the Department of Labor ("DOL") as a new Part C application pursuant to 30 U.S.C. Sec. 945(a). The DOL denied the claim on October 30, 1980. Belcher requested a formal hearing.
 
 
 3
 An administrative law judge ("ALJ") conducted a hearing on April 21, 1987. On August 21, 1987, the ALJ issued a decision and order denying benefits. The ALJ found that the medical evidence of record was insufficient to invoke the interim presumption of total disability due to pneumoconiosis. 20 C.F.R. Sec. 727.203(a)(1)-(a)(4). Since Belcher could not invoke the interim presumption under 20 C.F.R. Sec. 727.203(a), the ALJ considered his entitlement under 20 C.F.R. Part 410. The ALJ, relying upon medical assessments of Belcher's functional ability to resume his former coal mine employment made by Dr. Sutherland,[1] decided to deny benefits under Part 410 because Belcher did not have a totally disabling respiratory impairment.
 
 
 4
 Belcher appealed to the Board which affirmed the denial of benefits in an unpublished decision issued December 30, 1988. The Board held that there was substantial evidence to support the ALJ's finding that Belcher did not have a totally disabling respiratory or pulmonary impairment under 20 C.F.R. Sec. 727.203(a)(4).
 
 
 5
 On this appeal, Belcher makes two claims: (1) that the ALJ erred in failing to invoke the interim presumption of total disability due to pneumoconiosis pursuant to 20 C.F.R. Sec. 727.203(a); and (2) that the ALJ erred in failing to find the existence of pneumoconiosis pursuant to 20 C.F.R. Sec. 410, subpart D.
 
 II.
 
 6
 In Welch v. Benefits Review Board, 808 F.2d 443, 445 (6th Cir.1986), we concluded:
 
 
 7
 This court has a limited scope of review over the decisions of the Benefits Review Board. The Board itself may set aside an administrative law judge's findings of fact and conclusions of law only if they are not supported by substantial evidence, or not in accordance with law. Our scope of review is limited to scrutinizing Board decisions for errors of law and for adherence to the statutory standard governing the Board's review of the administrative law judge's factual determinations. Gibas v. Saginaw Mining Co., 748 F.2d 1112, 1116 (6th Cir.1984), cert. denied, 471 U.S. 1116 (1985).
 
 
 8
 Thus, our review in this case is limited to examining the ALJ's decision to determine whether it is consistent with the Act and "supported by substantial evidence in the record considered as a whole." 33 U.S.C. Sec. 921(b)(3). See Wardman v. Pittsburg & Midway Coal Min. Co., 839 F.2d 257, 258 (6th Cir.1988).
 
 
 9
 The Black Lung Benefits Act was intended to "provide benefits ... to coal miners who are totally disabled due to pneumoconiosis." 30 U.S.C. Sec. 901(a). A miner is deemed totally disabled when "pneumoconiosis prevents him or her from engaging in gainful employment requiring skills and abilities comparable to those of any employment in a mine...." 30 U.S.C. Sec. 902(f)(1)(A).
 
 
 10
 If a miner has engaged in coal mine employment for at least ten years and meets one or more of the Part 727 medical requirements, then "he will be presumed to be totally disabled due to pneumoconiosis." 20 C.F.R. Sec. 727.203(a). If a miner cannot sustain the presumption of total disability under Part 727, then he must affirmatively prove that he is totally disabled under Part 410 or Part 718, and that his disability results from pneumoconiosis. See 20 C.F.R. Part 410; Martin v. Alabama By-Products Corp., 864 F.2d 1555, 1557 (11th Cir.1989).
 
 III.
 
 11
 Harmless error resulted when the ALJ applied Part 410, subpart D instead of Part 718. When he considered Belcher's claim under Part 410 criteria, the ALJ followed the Board's decision in Muncy v. Wolfe Creek Collieries, 3 Black Lung Rep. (MB) 1-627 (Ben.Rev.Bd.1981), which we approved in Director, OWCP v. Forester, 857 F.2d 1121 (6th Cir.1988). However, we later held, in Knuckles v. Director, OWCP, 869 F.2d 996, 999 (6th Cir.1989) that claims filed before March 31, 1980 but adjudicated by an ALJ after that date should be considered under the Part 718 permanent regulations. Belcher originally filed his claim on December 23, 1972 with SSA. However, he elected review by DOL in April 1978. The date of election becomes the Part C filing date. 30 U.S.C. Sec. 945. Therefore the ALJ should have considered Belcher's claim under Part 718 after it was denied under Part 727. Knuckles, 869 F.2d at 999. As Belcher's proof fails to establish total disability under either Part 410 or Part 718, the error is harmless.
 
 IV.
 
 12
 Based on our review of the medical reports, we find substantial evidence supports the ALJ's decision to decline the invocation of the interim presumption of total disability due to pneumoconiosis. Belcher claims that the ALJ erred in rejecting Dr. Odom's May 1973 medical report which Belcher claims establishes his total disability. The ALJ rejected Dr. Odom's assessment of Belcher's medical condition because the documentation fails to support the physician's conclusions. The ALJ properly found, after examining the reasoning of the medical opinion in light of the studies conducted and the objective indications upon which the physician's conclusion is based, that Dr. Odom's report did not exemplify the reasoned medical judgment required under 20 C.F.R. Sec. 727.203(a)(4). See Rowe v. Director, OWCP, 710 F.2d 251, 255 (6th Cir.1983).
 
 V.
 
 13
 Where objective tests fail to establish that a petitioner is totally disabled, he may nevertheless be found totally disabled due to pneumoconiosis if other evidence establishes a chronic respiratory or pulmonary impairment which, due to its severity, prevents him not only from doing his previous coal mine work but also from being employed in comparable and gainful work. 20 C.F.R. Sec. 410.426(d). After reviewing the record in this case, we find that there is substantial evidence to support the ALJ's conclusion that neither Belcher's testimony nor Dr. Odom's report establishes that Belcher is totally disabled due to a respiratory impairment. Belcher testified that he has engaged in comparable and gainful employment as a mechanic in the mines and as a part-time air conditioner service person. In addition to the lack of reasoned medical judgment present in Dr. Odom's assessment of Belcher's medical condition, we conclude that objective test results and the medical reports submitted by Dr. Sutherland and Dr. Fritzhand provide substantial evidence to support the ALJ's denial of benefits.
 
 
 14
 Accordingly, we conclude that the Board correctly affirmed the decision of the ALJ denying black lung benefits to Belcher. The decision and order of the Board is AFFIRMED.
 
 
 
 [1]
 The ALJ found that Dr. Sutherland's medical report was entitled to more weight than the reports of Drs. Odom and Fritzhand