915 F.2d 1574
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Norman C. WILLIAMS, Petitioner,
v.
SKYVIEW MINING, Old Republic Insurance Companies, Director,
Office of Workers' Compensation Programs, United
States Department of Labor, Respondents.
 No. 90-3038.
 United States Court of Appeals, Sixth Circuit.
 Oct. 9, 1990.
 
 Before BOYCE F. MARTIN, Jr., RYAN and SUHRHEINRICH, Circuit Judges.
 
 ORDER
 
 1
 Norman C. Williams, a pro se miner, appeals the Benefits Review Board's decision and order which affirmed the administrative law judge's decision and order denying his claim for black lung disability benefits, filed under Title IV of the Federal Coal Mine Health and Safety Act of 1969, as amended, 30 U.S.C. Sec. 901 et seq. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination of the record and the briefs, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Williams filed his claim for benefits on December 10, 1984, after the effective date of the permanent Department of Labor regulations found at 20 C.F.R. Part 718. Therefore, his claim is subject to consideration under Part 718. Following a hearing, at which the parties stipulated to five years of qualifying coal mine employment, the ALJ found that Williams had failed to establish the existence of pneumoconiosis by any of the available methods provided under 20 C.F.R. Sec. 718.202(a)(1)-(4). Since pneumoconiosis is a threshold requirement for entitlement to benefits, the ALJ consequently denied benefits to Williams.
 
 
 3
 Williams appealed to the Board, which affirmed the ALJ's decision and order. The Board determined that the ALJ had weighed all the relevant evidence in accordance with law and that his decision and order was supported by substantial evidence and contained no reversible error.
 
 
 4
 On appeal, Williams argues that the Department of Labor did not have all of his medical records and that he did not receive fair treatment because some of the physicians of record "changed their minds" on whether he had pneumoconiosis. Williams requests the appointment of counsel in his brief. The issue presented on appeal is whether the Board erred in upholding the ALJ's finding that Williams' medical evidence was insufficient to establish the existence of coal worker's pneumoconiosis.
 
 
 5
 We shall affirm the Board's decision and order because the decision of the ALJ is consistent with law and supported by substantial evidence in the record as a whole. Belcher v. Director, O.W.C.P., 895 F.2d 244, 246 (6th Cir.1989). Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. Fife v. Director, O.W.C.P., 888 F.2d 365, 367 (6th Cir.1989) (quoting Richardson v. Perales, 402 U.S. 389, 401 (1971)).
 
 
 6
 Initially, it is noted that Williams was represented by counsel at his hearing and was granted full opportunity to present evidence, both medical and non-medical, in his behalf. He neither submitted additional medical evidence at the hearing, nor requested leave to submit additional medical reports post-hearing. Thus, Williams cannot now complain that the ALJ did not have all of his medical records. See generally Oggers v. Director, O.W.C.P., 7 BLR 1-860, 1-865 n. 4 (Ben.Rev.Bd.1985). Any newly developed medical evidence showing a mistake of fact or a change in condition since the denial of his claim may be submitted with a request for modification pursuant to 20 C.F.R. Sec. 725.310.
 
 
 7
 Upon review of the record, it is clear that the Board correctly affirmed the ALJ's conclusion that Williams failed to carry his burden of proof to establish the existence of pneumoconiosis. The ALJ properly considered the x-ray reports and credited those of the most qualified physicians, after discrediting those whose interpretations were equivocal. Warman v. Pittsburg & Midway Coal Mining Co., 839 F.2d 257, 261-62 (6th Cir.1988). The ALJ then properly considered the medical reports and credited those he found most reasoned and best supported by the evidence. Director, O.W.C.P. v. Rowe, 710 F.2d 251, 255 (6th Cir.1983).
 
 
 8
 Substantial evidence clearly supports the ALJ's conclusion that the totality of the evidence in this record fails to demonstrate that Williams suffers from coal worker's pneumoconiosis. Because Williams has failed to prove an element of entitlement, he is not entitled to black lung disability benefits. Adams v. Director, O.W.C.P., 886 F.2d 818, 820 (6th Cir.1989).
 
 
 9
 Accordingly, the request for counsel is denied and the decision and order of the Benefits Review Board is hereby affirmed. Rule 9(b)(5), Rules of the Sixth Circuit.