917 F.2d 564
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Rex DOWELL, Petitioner,
v.
PEABODY COAL COMPANY, Old Republic Insurance Companies,
Director, Office of Workers' Compensation
Programs, United States Department of
Labor, Respondents.
 No. 90-3040.
 United States Court of Appeals, Sixth Circuit.
 Oct. 31, 1990.
 
 Before MILBURN, BOGGS and SUHRHEINRICH, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner applied for black lung disease disability benefits on January 9, 1974. After an exhaustingly long series of hearings, reviews, remands and rehearings occasioned by changes in the applicable statutes and regulations and ensuing court decisions, the Benefits Review Board denied benefits, finding that respondent Peabody Coal Company had successfully rebutted the presumption of petitioner's total disability created by 20 C.F.R.Sec. 727.203(a) and holding that remand of petitioner's case for consideration under the standards of 20 C.F.R.Sec. 718 was not required as a matter of law. This petition for review follows.
 
 
 2
 Petitioner argues three errors by the Benefits Review Board. He maintains that the Board erroneously held that the rebuttal rules of 20 C.F.R.Sec. 727.203 rather than those of 20 C.F.R.Sec. 410.490 were applicable to this case. He argues that it erred in ruling that substantial evidence supported the administrative law judge's finding that the presumption of total disability due to pneumoconiosis had been rebutted under Sec. 727.203. Finally, he contends that it erred in failing to remand the case to the administrative law judge for consideration under 20 C.F.R.Part 718.
 
 
 3
 We reject all three contentions and affirm the Benefits Review Board in all respects.
 
 
 4
 * This case has dragged on for over a decade. No purpose would be served in recounting the details of its procedural history here. In the background lies the scheme set up by Congress for processing black lung disease (pneumoconiosis) disability claims on an expedited basis by giving disabled coal miners the benefit of certain presumptions in establishing that their disability is due to that disease. On the whole, the plan of Congress is quite simple. If a miner is disabled and if his medical condition satisfies certain objective tests, he is entitled to a presumption that his disability is due to pneumoconiosis. It then becomes his employer's burden to rebut the presumption according to regulations generally called the rebuttal rules.
 
 
 5
 The difficulty lies in the fact that there have been two sets of rules for invoking the presumption as well as for rebutting it. Since all parties to this suit agree that petitioner is entitled to invoke the Sec. 727.203(a) presumption of pneumoconiosis-induced disability, it would be pointless to discuss the invocation rules here. Which rebuttal rules apply and whether there has been successful rebuttal are the principal issues in this case.
 
 
 6
 One set of rebuttal rules is set forth at 20 C.F.R.Sec. 410.490(c) and is applicable to claims filed before July 1, 1973. Under its provisions, rebuttal is only possible by showing that a claimant who has successfully invoked the presumption is either working in the coal mines or capable of doing comparable and gainful work outside the mines. The second set of rules is published at 20 C.F.R.Sec. 727.203. It permits rebuttal on two additional grounds. An employer is permitted to show that the miner's disability did not arise in whole or in part from coal mine employment or that the miner does not have pneumoconiosis.
 
 
 7
 The second set of invocation and rebuttal rules, 20 C.F.R.Sec. 727.203(a) & (b), took effect on April 1, 1980. Claimants filing after that date must show ten years in the mines in order to invoke the presumption of pneumoconiosis-induced disability. Such a showing was not necessary under 20 C.F.R.Sec. 410.490. Congress therefore determined that claims filed before April 1980, but not yet adjudicated, were to be considered under criteria no more restrictive than those in force on June 30, 1972, when Sec. 410.490 was in effect. 30 U.S.C.Sec. 902(f)(2)(B).
 
 
 8
 Petitioner maintains, correctly, that he is entitled to the benefit of this Congressional reservation. On this premise he argues that the rebuttal rules of Sec. 727.203 are more restrictive than those of Sec. 410.490 and should not be applied in his case. The former permits, inter alia, the employer to introduce evidence that the claimant is not disabled due to pneumoconiosis, while the latter does not.
 
 
 9
 This court has seen the same argument before and rejected it in Youghiogheny & Ohio Coal Co. v. Milliken, 866 F.2d 195, 199 (6th Cir.1989). The Youghiogheny holding is that where a miner meets the Sec. 727.203(a) threshold requirement of ten years in the mines in order to establish a presumption of black lung disability, the rebuttal rules of Sec. 727.203(b) and those of Sec. 410.490 treat the claimant equally. Id. at 202.
 
 
 10
 We cannot reverse the decision of another panel of this court even if we were inclined to do so.
 
 II
 
 11
 Petitioner next argues that the evidence offered to rebut the presumption of black lung disease disability is not substantial. The ALJ based his finding of rebuttal on the deposition of Dr. William Anderson, a specialist in pulmonary disease certified by the American Board of Internal Medicine. Dr. Anderson testified that petitioner suffers from both emphysema and category 1 pneumoconiosis; that the emphysema is caused by petitioner's habit of heavy smoking; and that his pneumoconiosis did not cause his disability. On cross-examination, petitioner attempted to undermine this testimony by asking Dr. Anderson whether it was his "philosophy" that category 1 pneumoconiosis could not cause functional impairment. Dr. Anderson answered that "if one does sufficient type (sic) of testing[,] a funcional impairment can be demonstrated in many people who have category 1 pneumoconiosis, and personal philosophies have nothing to do with that one way or another." Dr. Anderson did not perform these additional tests in his evaluation of petitioner but relied on petitioner's medical history, a physical examination, electrocardiogram studies, arterial blood gas studies, and stereoscopic x-rays of petitioner's chest.
 
 
 12
 Petitioner does not dispute that he smokes heavily and has emphysema. Rather, he maintains that Dr. Anderson's testimony is insufficient to rebut the Sec. 727.203(a) presumption because it does not completely eliminate pneumoconiosis as the cause of his disability.
 
 
 13
 In reviewing the decision of the Benefits Review Board in this matter, we are confined to ensuring that its decisions are free from legal error and adhere to the standards governing review of the administrative law judge's findings of fact. Youghiogheny, 866 F.2d at 198. The Board's review of the ALJ's order is limited to examining for errors of law and to determining whether substantial evidence supports the ALJ's conclusions. Ibid.
 
 
 14
 Authorities administering the black lung disability benefits program are frequently confronted with cases, such as this one, in which the claimant suffers from two diseases, both of them potential contributors to the medical conditions that invoke the presumption of black lung disease disability. 20 C.F.R.Sec. 727.203(b)(3) permits rebuttal of this presumption by evidence that the miner's disability did not arise in whole or in part out of coal mine employment. As the benefit determination rules have been construed by this court, rebuttal is established if an employer is able to prove that pneumoconiosis played no part in causing the miner's disability. Adams v. Director, Office of Workers' Compensation Programs, 886 F.2d 818, 824 (6th Cir.1989) (quoting Gibas v. Saginaw Mining Co., 748 F.2d 1112, 1120 (6th Cir.1984), cert. denied, 471 U.S. 1116 (1985)). However, where pneumoconiosis is a contributing cause to a miner's total disability, he is conclusively entitled to benefits. Ibid.
 
 
 15
 We hold, therefore, that the testimony of Dr. Anderson that in his opinion emphysema, rather than pneumoconiosis, is the cause of petitioner's disability is sufficient evidence to rebut the Sec. 727.203(a) presumption.
 
 
 16
 Petitioner's countervailing argument, that this testimony did not eliminate pneumoconiosis as a cause, cannot prevail before this court. We are limited to asking only whether the ALJ's finding of rebuttal is supported by substantial evidence. See Youghiogheny, 866 F.2d at 198. A testifying physician need not express his conclusions in terms of a "reasonable degree of medical certainty" to be credited by the ALJ; only the "documented opinion of a physician exercising reasoned medical judgment is required." Tennessee Consol. Coal Co. v. Crisp, 866 F.2d 179, 185 (6th Cir.1989). In black lung cases such as this, where the claimant is beset by two potentially disabling illnesses, there is no need that the physician affirmatively rule out the possibility of contributory causation. Ross Coal Co. v. Director, Office of Workers' Compensation Programs, No. 89-3296, slip op. at 5, (6th Cir. Jan. 26, 1990) (unpublished).
 
 III
 
 17
 Petitioner's final argument is that the Benefits Review Board erred as a matter of law in failing to remand his claim to the ALJ for consideration under 20 C.F.R. Part 718. We feel compelled to agree, but not to reverse, because we hold the error harmless.
 
 
 18
 Where, as here, a claim fails under the presumptions of 20 C.F.R. Part 727, but is filed before March 31, 1980 and is adjudicated after that date, it must also be considered under the permanent regulations promulgated in 20 C.F.R. Part 718. Knuckles v. Director, Office of Workers' Compensation Programs, 869 F.2d 996, 999 (6th Cir.1989).
 
 
 19
 To receive benefits under 20 C.F.R. Part 718, the claimant has the burden of proving, by preponderance of the evidence, that he suffers from pneumoconiosis, that his pneumoconiosis arose at least in part out of coal mine employment, and that he is totally disabled by pneumoconiosis. Adams v. Director, Office of Workers' Compensation Programs, 886 F.2d 818, 820 (6th Cir.1989) (construing 20 C.F.R.Secs. 718.2, 718.202, 718.203, 718.204). To meet the last of his three burdens, the claimant has only to establish affirmatively that his totally disabling respiratory impairment is due at least in part to his pneumoconiosis. Id. at 825.
 
 
 20
 Despite its citation of Knuckles, the Benefits Review Board, on the authority of Adams, declined to remand this case to the ALJ for consideration under 20 C.F.R. Part 718. The Board reasoned that the ALJ had already found that emphysema, rather than pneumoconiosis, was the cause of petitioner's disabling pulmonary condition and that pneumoconiosis played no part in petitioner's disability. Therefore, the Board concluded, benefits were precluded as a matter of law.
 
 
 21
 Petitioner offers no challenge to the Board's reasoning except to repeat his claim that the finding of rebuttal under 20 C.F.R.Sec. 727.203(b)(3) is not supported by substantial evidence, is irrational, and is not in accordance with law.
 
 
 22
 This argument cannot compel remand for the obvious reason that its characterization of the ALJ finding of rebuttal is incorrect. In the proceedings below, the burden was on respondent to provide evidence that pneumoconiosis was not the cause of the petitioner's disability. Were the case to be remanded for consideration under Part 718, the burden would be on the petitioner to show that pneumoconiosis was a cause, at least in part, of his disability. Since Dr. Anderson's testimony establishes--and the ALJ has found--that pneumoconiosis is not a cause of petitioner's disability, petitioner cannot carry his Part 718 burden. Only harmless error, if any, resulted from the failure of the Board to remand for consideration under Part 718. Belcher v. Director, Office of Workers' Compensation Programs, 895 F.2d 244, 246 (6th Cir.1990) (where petitioner unsuccessfully invokes interim presumptions of Part 410 and his proof fails to establish total disability under Part 410 or Part 718, ALJ's failure to consider claim under Part 718 is harmless error).
 
 
 23
 The Decision and Order of the Benefits Review Board is AFFIRMED.