940 F.2d 662
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Thelma J. STACY, Widow of Gilbert Stacy, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 91-3279.
 United States Court of Appeals, Sixth Circuit.
 July 30, 1991.
 
 1
 Before MERRITT, Chief Judge, BOGGS, Circuit Judge, and HULL, Chief District Judge.*
 
 ORDER
 
 2
 Thelma J. Stacy petitions pro se for review of the Benefits Review Board's decision affirming the denial of benefits under the Black Lung Benefits Act. 30 U.S.C. Secs. 901 et seq. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 This matter involves the claim of Mrs. Stacy's deceased husband, Gilbert Stacy, as well as her own claim as a survivor under the Black Lung Act. The miner originally filed his claim for benefits on April 12, 1974. After that claim was denied, the miner filed a duplicate claim on June 28, 1982, which was finally denied by the Department of Labor on April 4, 1986. The claimant, Thelma Stacy, filed her application for survivor's benefits on April 1, 1985, which claim was finally denied on April 4, 1986.
 
 
 4
 After a hearing was held on these claims, the Administrative Law Judge (ALJ) found that the evidence showed no material change in the miner's condition as set forth in Sec. 725.309(d) of the regulations, which section applies to duplicate black lung claims. Moreover, the ALJ found that the surviving widow had not shown that pneumoconiosis was a substantial cause or factor leading to the miner's death, applying the requirements as set forth in Sec. 718.205(c). The Benefits Review Board (BRB) affirmed the ALJ's finding on appeal.
 
 
 5
 The claimant, on appeal, argues that: 1) the ALJ miscalculated the number of years the miner worked in the coal mines; 2) the ALJ did not recognize Dr. Grady Stumbo's medical report stating the miner suffered from coal worker's pneumoconiosis; and 3) the death certificate was evidence that the miner's death was caused at least in part by pneumoconiosis.
 
 
 6
 This court has recognized that it must affirm the BRB's decision if the Board has not committed any legal error or exceeded its statutory scope of review of the ALJ's factual determinations. Director, OWCP v. Quarto Mining Co., 901 F.2d 532, 536 (6th Cir.1990). This court must review the decision below only to decide whether it is supported by substantial evidence and is in accordance with the applicable law. Kolesar v. Youghiogheny & Ohio Coal Co., 760 F.2d 728, 729 (6th Cir.1985) (per curiam). Substantial evidence is that relevant evidence which a reasonable mind would accept as adequate to support a conclusion. Ramey v. Kentland Elkhorn Coal Co., 755 F.2d 485, 488 (6th Cir.1985).
 
 
 7
 A thorough review of the record reveals the ALJ considered all evidence which could fairly support the number of years that the claimant now alleges the miner worked in the coal mines. The ALJ based his findings on the social security earnings records rather than the widow's testimony and other documentation, for the reasons stated in his decision and order. It is the ALJ who must make credibility determinations and resolve inconsistencies in the evidence. Riley v. National Mines Corp., 852 F.2d 197, 198 (6th Cir.1988) (per curiam). Given our limited scope of review, this court cannot substitute its own judgment for that of the ALJ, when the ALJ has carefully considered each part of the evidence. Knuckles v. Director, OWCP, 869 F.2d 996, 998 (6th Cir.1989).
 
 
 8
 Likewise, this court cannot substitute its own judgment for the ALJ's finding that Dr. Stumbo's report was insufficient to establish that the miner suffered from pneumoconiosis. The ALJ properly credited other medical testimony and reports with more probative value, based on the credentials and superior qualifications of other reporting physicians of record such as Dr. Bruce Broudy, who found no pneumoconiosis or any other disease related to coal mine employment. See Tennessee Consol. Coal Co. v. Crisp, 866 F.2d 179, 185 (6th Cir.1989). The record shows that the ALJ did consider the death certificate, which stated the miner died of chronic obstructive pulmonary disease, and found that this evidence did not establish the causation requirement as set forth in Part 718 of the regulations.
 
 
 9
 This case need not be remanded for additional findings in regard to evidence submitted with the duplicate claim that may have shown total disability. Any error the ALJ committed by failing to discuss the material change in regard to disability is harmless, in light of the fact that the miner must establish that he suffered from pneumoconiosis before total disability is at issue. Adams v. Director, OWCP, 886 F.2d 818, 820 (6th Cir.1989). The claimant has not been denied due process, as he had every opportunity, at the time of his original claim and at the time his duplicate claim was filed, to present evidence showing he suffered from pneumoconiosis. See Faries v. Director, OWCP, 909 F.2d 170, 173-74 (6th Cir.1990); Belcher v. Director, OWCP, 895 F.2d 244, 246 (6th Cir.1989).
 
 
 10
 Accordingly, since the ALJ's decision is supported by substantial evidence of record, the BRB's order denying benefits is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable Thomas G. Hull, Chief U.S. District Judge for the Eastern District of Tennessee, sitting by designation