4 F.3d 993
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Walker HALL, Petitioner,
v.
BJL COAL COMPANY, INC.; Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 93-3040.
 United States Court of Appeals, Sixth Circuit.
 Aug. 16, 1993.
 
 1
 Before: JONES and NORRIS, Circuit Judges, and JARVIS, Chief District Judge.*
 
 ORDER
 
 2
 Walker Hall, pro se, petitions for review of Benefits Review Board's (BRB) decision denying him benefits under the Black Lung Benefits Act. 30 U.S.C. Secs. 901-945. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 3
 This miner filed an application for benefits in September of 1984. This claim was denied administratively by the Department of Labor, and eventually a hearing was held before an Administrative Law Judge (ALJ) on September 26, 1990. Thereafter, the ALJ issued a Decision and Order Denying Benefits, on March 4, 1991.
 
 
 4
 Based upon the physicians' opinions of record, the ALJ determined that Hall had established he suffered from pneumoconiosis, pursuant to 20 C.F.R. Sec. 718.204(a)(4). However, the ALJ found that none of the evidence established that Hall was totally disabled due to pneumoconiosis in order to be entitled to benefits. This determination was affirmed by the BRB, on appeal.
 
 
 5
 On appeal to this court, Hall makes a general request that this court overrule the ALJ's decision, and award benefits. Hall has also filed with this court a motion to remand the case to the "Department of Labor in Pikeville, Kentucky, for the consideration of new evidence."
 
 
 6
 This court has recognized that it must affirm the BRB's decision if the Board has not committed any legal error or exceeded its statutory scope of review of the ALJ's factual determinations. Director, OWCP v. Quarto Mining Co., 901 F.2d 532, 536 (6th Cir.1990). This court must review the decision below only to decide whether it is supported by substantial evidence and is in accordance with the applicable law. Kolesar v. Youghiogheny & Ohio Coal Co., 760 F.2d 728, 729 (6th Cir.1985) (per curiam). Substantial evidence is that relevant evidence which a reasonable mind would accept as adequate to support a conclusion. Ramey v. Kentland Elkhorn Coal Corp., 755 F.2d 485, 488 (6th Cir.1985).
 
 
 7
 Because this claim was filed after March 31, 1980, the ALJ and Board properly analyzed the claim under Part 718 of the regulations. 20 C.F.R. Sec. 718.2; Saginaw Mining Co. v. Ferda, 879 F.2d 198, 204 (6th Cir.1989). To establish eligibility for benefits under this part, the miner must show that: 1) he has pneumoconiosis; 2) the pneumoconiosis arose out of coal mine employment; and 3) the pneumoconiosis has rendered him totally disabled. 20 C.F.R. Secs. 718.2, 718.202-718.205; Adams v. Director, OWCP, 886 F.2d 818, 820 (6th Cir.1989). The claimant bears the burden of proving each of these elements by a preponderance of the evidence. Adams, 886 F.2d at 820.
 
 
 8
 A thorough review of the entire record reveals that the ALJ accurately and sufficiently summarized all relevant medical evidence submitted by the parties. The ALJ first concluded that the X-ray evidence did not establish the existence of pneumoconiosis under Sec. 718.202(a)(1). Because the ALJ considered the qualifications of the readers, the recency of the X-rays being interpreted, and the quantity of the readings finding pneumoconiosis as opposed to those readings indicating the absence of that disease, the ALJ's determination is supported by substantial evidence. Woodward v. Director, OWCP, No. 92-3282, 1993 U.S.App. LEXIS 7509, at * 13-14 (6th Cir. April 9, 1993); Ferda, 879 F.2d at 205. The ALJ's conclusions that pneumoconiosis could not be established pursuant to Secs. 718.202(a)(2) or 718.202(a)(3) are also supported by substantial evidence, because there is no evidence of biopsy or autopsy in the record, and because complicated pneumoconiosis was not found.
 
 
 9
 The ALJ's finding that the physicians' opinions regarding the presence or absence of pneumoconiosis were equally probative will not be disturbed, because this court cannot substitute its own judgment for that of the ALJ, when the ALJ has carefully considered each part of the evidence. Knuckles v. Director, OWCP, 869 F.2d 996, 998 (6th Cir.1989). The ALJ resolved the conflict of this evidence in favor of the claimant, because selection of one set of facts would have resolved the issue in favor of the claimant, whereas selection of the equally probative, but contradictory, set of facts would have resolved the issue against the claimant. See Mullins Coal Co. v. Director, OWCP, 484 U.S. 135, 154 n. 29 (1987); Conley v. Roberts & Schaefer Co., 7 BLR 1-309 (1984). This court has recently upheld such an application of the "true doubt" rule as not violative of the Administrative Procedure Act, 5 U.S.C. Sec. 556(d), or the regulations at 20 C.F.R. Sec. 718.403. Skukan v. Consolidation Coal Co., No. 92-3281, 1993 U.S.App. LEXIS 11350, at * 28 (6th Cir. May 18, 1993).
 
 
 10
 Notwithstanding the finding of pneumoconiosis, the ALJ's determination that Hall had not shown total disability due to this disease is also supported by the record. None of the pulmonary function studies or blood gas studies revealed values qualifying under Part 718 of the regulations. Thus, Hall could not establish total disability under Secs. 718.204(c)(1) or 718.204(c)(2). Moreover, there was no indication of cor pulmonale with right-sided congested heart failure in order to establish disability under Sec. 718.204(c)(3).
 
 
 11
 Several physicians diagnosing pneumoconiosis recommended that Hall avoid further dust exposure in the mines or suggested that Hall undergo further pulmonary function testing. However, such opinions do not establish total disability under the Act. See Zimmerman v. Director, OWCP, 871 F.2d 564, 567 (6th Cir.1989); Neace v. Director, OWCP, 867 F.2d 264, 268 (6th Cir.1989). Drs. Sutherland, Martin, Penman, Broudy, Dahan, Lane and Branscomb all opined either that Hall had the capacity to perform his former coal mining work or could perform at least moderate manual labor. The record shows that Hall's former coal mining employment involved driving a coal truck. None of his work involved heavy manual labor underground. The miner, himself, described his work as sitting for eight to ten hours a day and lifting heavy weight only when covering the coal in his truck with a large tarp. Therefore, the ALJ's finding of no total disability is supported by substantial evidence. Because the miner is required to show disability due to pneumoconiosis in order to receive an award, the ALJ properly denied benefits. Belcher v. Director, OWCP, 895 F.2d 244, 246 (6th Cir.1989).
 
 
 12
 Hall's motion to remand his case is based on additional evidence that he apparently obtained subsequent to the BRB's order affirming the denial of benefits. However, the proper procedure for considering this new evidence would be for Hall to file a motion for modification with the District Director, Office of Workers' Compensation Programs, within one year of a final order denying benefits. See 20 C.F.R. Sec. 725.310; Saginaw Mining Co. v. Muzzulli, 818 F.2d 1278, 1283 (6th Cir.1987).
 
 
 13
 Accordingly, Hall's motion for remand is hereby denied, and his petition for review of the BRB's decision and order denying benefits is hereby denied pursuant to Rule 9(b)(3), Rules of the Sixth Circuit without prejudice to Hall's right to file a motion for modification with the District Director of OWCP under 20 C.F.R. Sec. 725.310.
 
 
 
 *
 The Honorable James H. Jarvis, II, Chief U.S. District Judge for the Eastern District of Tennessee, sitting by designation