7 F.3d 232
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Elbert ADKINS, Petitioner,
v.
DIRECTOR, OFFICE OF WORKERS' COMPENSATION PROGRAMS, UNITED
STATES DEPARTMENT OF LABOR, Respondent.
 No. 93-3370.
 United States Court of Appeals, Sixth Circuit.
 Oct. 15, 1993.
 
 Before: BOGGS and SUHRHEINRICH, Circuit Judges, and BROWN, Senior Circuit Judge.
 
 ORDER
 
 1
 Elbert Adkins, through counsel, petitions for review of the Benefits Review Board's (BRB) decision denying him benefits under the Black Lung Benefits Act. 30 U.S.C. §§ 901-945. This case has been referred to a panel of the court pursuant to Rule 9(a), Rules of the Sixth Circuit. The parties have waived oral argument in this case, and this panel unanimously agrees that oral argument is not needed. Fed.R.App.P. 34(a).
 
 
 2
 Adkins filed a claim for benefits on February 5, 1979. The claim was denied, administratively, on two occasions. Eventually, the claim was referred to the Office of Administrative Law Judges for a formal hearing. However, the case was remanded by an Administrative Law Judge (ALJ) for consideration of evidence which had not been submitted prior to the hearing. On remand, the claim was again denied by the Deputy Commissioner, and, again, the claim was referred for a hearing before an ALJ. This second hearing took place on April 7, 1988. Thereafter, the ALJ issued an order denying benefits.
 
 
 3
 Analyzing the medical evidence under 20 C.F.R. Part 727, the ALJ found that the interim presumption could not be invoked under those regulations. See 20 C.F.R. §§ 727.203(a)(1)-(a)(4). Thus, the ALJ determined that Adkins could not be awarded benefits under that Part. Likewise, the ALJ determined that Adkins was not entitled to benefits under Part 410 of the regulations. See 20 C.F.R. § 410.490; Pittston Coal Group v. Sebben, 488 U.S. 105 (1988).
 
 
 4
 The BRB affirmed these findings on appeal, on the basis that the ALJ's determinations were supported by substantial evidence of record. It should be noted that, on appeal to the BRB, Adkins challenged only the findings by the ALJ that the interim presumption could not be invoked, pursuant to § 727.203(a)(1) and § 727.203(a)(4). On appeal to this court, Adkins again argues that the ALJ erred in finding that the miner did not meet the requirements to invoke the interim presumption pursuant to these two subsections of Part 727.
 
 
 5
 This court has recognized that it must affirm the BRB's decision if the Board has not committed any legal error or exceeded its statutory scope of review of the ALJ's factual determinations. Director, OWCP v. Quarto Mining Co., 901 F.2d 532, 536 (6th Cir.1990). This court must review the decision below only to decide whether it is supported by substantial evidence and is in accordance with the applicable law. Kolesar v. Youghiogheny & Ohio Coal Co., 760 F.2d 728, 729 (6th Cir.1985) (per curiam). Substantial evidence is that relevant evidence which a reasonable mind would accept as adequate to support a conclusion. Ramey v. Kentland Elkhorn Coal Corp., 755 F.2d 485, 488 (6th Cir.1985).
 
 
 6
 Because Adkins filed his claim after the effective date of the Black Lung Benefits Reform Act of 1977, the ALJ and BRB properly analyzed the claim under Part 727 of the regulations. 30 U.S.C. § 902(f); 20 C.F.R. § 727.2. When a claimant has established ten years of coal mine employment, as Adkins has in this case, Part 727 provides an interim presumption of total disability due to pneumoconiosis arising out of coal mine employment, if certain medical criteria are met.
 
 
 7
 Under § 727.203(a)(1), the interim presumption may be invoked by X-ray, biopsy, or autopsy evidence of pneumoconiosis. A thorough review of the entire record reveals that the ALJ accurately and sufficiently summarized all X-rays submitted by the parties. As noted by the ALJ, Drs. Baker and Dean found the presence of pneumoconiosis. However, the more qualified B-Readers and Board Certified Radiologists found no evidence of the disease. As correctly stated by the ALJ, the reading of "0/1" by Drs. Swann and Gordonson "is not accepted as evidence of pneumoconiosis" under the regulations. 20 C.F.R. § 410.428(a)(1)(iii).
 
 
 8
 The ALJ made a qualitative evaluation of the readings, considering the qualifications of the readers, as well as a quantitative evaluation, looking to the number of negative readings and the date of those readings, to properly find that this evidence does not support a finding of pneumoconiosis. See Woodward v. Director, OWCP, 991 F.2d 314, 321 (6th Cir.1993). Therefore, the ALJ's determination that the interim presumption could not be invoked under § 727.203(a)(1) is supported by substantial evidence of record.
 
 
 9
 Under § 727.203(a)(4), the interim presumption may be invoked by a physician's documented opinion which establishes the presence of a totally disabling respiratory or pulmonary impairment. As with all other evidence reviewed under this Part, the ALJ must weigh all medical reports prior to the invocation of the presumption. Mullins Coal Co. v. Director, OWCP, 484 U.S. 135, 143 (1987). The ALJ accurately and sufficiently summarized all medical opinions submitted by the parties. The regulations define total disability as an inability to engage in gainful work "in the immediate area of his [a miner's] residence [and] requiring the skills and abilities comparable to those of any work in a mine or mines in which he previously engaged with some regularity and over a substantial period of time...." 20 C.F.R. §§ 410.412, 727.3, and 718.204(b). Because Dr. Swann found that Adkins suffered from a moderate obstructive ventilatory impairment, but did not render a specific opinion as to the claimant's ability to perform his past coal mining work or how the defect may affect his ability to work, the ALJ was correct that this evidence is insufficient to invoke the interim presumption under § 727.203(a)(4).
 
 
 10
 The ALJ next found that a report in the record by a registered nurse was not a "physician's report" under the regulations and, accordingly, assigned less probative weight to that medical evidence. This was clearly within the ALJ's discretion. Riley v. National Mines Corp., 852 F.2d 197, 198 (6th Cir.1988) (per curiam); Welch v. Benefits Review Bd., 808 F.2d 443, 446 (6th Cir.1986) (per curiam).
 
 
 11
 The ALJ determined that Dr. Dean's opinion, diagnosing pneumoconiosis and total disability, did not meet the regulatory requirements for a "documented" opinion of a physician exercising "reasoned medical judgment." 20 C.F.R. § 727.203(a)(4). This court must defer to an ALJ's determinations of credibility and resolutions of inconsistencies and testimony, including the weight to be accorded physicians' opinions. Riley, 852 F.2d at 198. Here, the ALJ properly discredited Dr. Dean's opinion as unreasoned and assigned less weight to that report because the objective tests relied upon in that opinion were not included in the record. It was within the ALJ's discretion to assign greater probative weight to medical opinions which were more thoroughly reasoned and reliable. Director, OWCP v. Rowe, 710 F.2d 251, 255 (6th Cir.1983). Therefore, the ALJ's conclusion that the interim presumption could not be invoked by the physicians' opinions of record is supported by substantial evidence.
 
 
 12
 The ALJ next analyzed the claim under Part 410 of the regulations, pursuant to the holding in Sebben, 488 U.S. at 115-17. See also Youghiogheny & Ohio Coal Co. v. Milliken, 866 F.2d 195, 200 (6th Cir.1989). Under this Part, a presumption of total disability due to pneumoconiosis is provided if X-ray, biopsy, or autopsy evidence establishes the existence of the disease, or if ventilatory studies establish a chronic respiratory or pulmonary disease. See 20 C.F.R. § 410.490(b). However, the ALJ's previous analysis of the X-ray evidence did not establish the existence of pneumoconiosis, and there was no biopsy or autopsy evidence to consider. Moreover, the ventilatory studies of record did not meet the requirements of establishing total disability under the regulations, either under Part 727 or under Part 410. Thus, the ALJ properly found that the claimant could not invoke the presumption under § 410.490 and was not entitled to benefits under that subsection. Likewise, the claimant could not establish total disability due to pneumoconiosis or pneumoconiosis arising out of coal mine employment, in order to be entitled to benefits under 20 C.F.R. § 410.410(b).
 
 
 13
 Subsequent to the ALJ's issuance of his decision and order, this court held that the permanent Part 718 regulations apply to all claims filed after March 31, 1980, and to all claims filed prior to that date, but adjudicated at least in part thereafter. 20 C.F.R. § 718.2; Saginaw Mining Co. v. Ferda, 879 F.2d 198, 204 (6th Cir.1989); Knuckles v. Director, OWCP, 869 F.2d 996, 999 (6th Cir.1989). To establish eligibility for benefits under this Part, the claimant must show that: 1) the miner has pneumoconiosis; 2) the pneumoconiosis arose at least in part out of coal mine employment; and 3) the pneumoconiosis rendered the miner totally disabled or caused the miner's death. 20 C.F.R. §§ 718.2, 718.202-718.205; Adams v. Director, OWCP, 886 F.2d 818, 820 (6th Cir.1989).
 
 
 14
 The ALJ's analysis of the evidence under Parts 727 and 410 revealed that Adkins could not establish that he suffered from pneumoconiosis or that this or any other disease rendered him totally disabled, which two elements are required for entitlement to benefits under Part 718. A remand for application of the Part 718 regulation would not affect the ultimate disposition of this case, and, thus, any error committed in failing to apply Part 718 is harmless. Belcher v. Director, OWCP, 895 F.2d 244, 246 (6th Cir.1989).
 
 
 15
 Accordingly, the BRB's decision affirming the ALJ's denial of benefits is hereby affirmed. Rule 9(b)(3), Rules of the Sixth Circuit.