21 F.3d 421
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
 Donald F. CURRY, Petitioner,
v.
SUPERIOR POCAHONTAS COAL COMPANY; West Virginia Coal
Workers' Pneumoconiosis Fund; Director, Office of
Workers' Compensation Programs, United
States Department of Labor, Respondents.
 No. 93-1669.
 United States Court of Appeals, Fourth Circuit.
 Submitted Nov. 30, 1993.
Decided April 14, 1994.
 
 On Petition for Review of an Order of the Benefits Review Board. (92-736-BLA)
 Anthony J. Cicconi, Shaffer & Shaffer, Charleston, WV, for petitioner. Darrell V. McGraw, Jr., Atty. Gen., K. Keian Weld, Asst. Atty. Gen., Charleston, WV; Thomas S. Williamson, Jr., Solicitor of Labor, Donald S. Shire, Associate Solicitor, Patricia M. Nece, Counsel for Appellate Litigation, Rita A. Roppolo, United States Department of Labor, Washington, DC, for respondents.
 Ben. Rev. Bd.
 AFFIRMED.
 Before MURNAGHAN, WILKINSON, and HAMILTON, Circuit Judges.
 OPINION
 PER CURIAM:
 
 
 1
 Petitioner Donald Curry seeks review of the Benefits Review Board's (Board) decision affirming the administrative law judge's (ALJ) decision to deny his application for black lung benefits under 30 U.S.C. Secs. 901-45 (1989). On appeal, Curry contends that the ALJ erred by finding that he failed to establish a material change in conditions pursuant to 20 C.F.R. Sec. 725.309 (1991), and further erred by finding that he failed to establish total disability due to pneumoconiosis pursuant to 20 C.F.R. Sec. 718.204(c) (1991). This Court must affirm the findings of the Board unless they are not supported by substantial evidence or are contrary to law. See Wilson v. Benefits Review Bd., 748 F.2d 198 (4th Cir.1984).
 
 
 2
 We note that there is no dispute on appeal that the objective evidence of record was insufficient to establish the presence of a totally disabling respiratory or pulmonary impairment. All four pulmonary function studies and all four blood gas studies of record produced non-qualifying values. Although the FEV1 portion of one ventilatory study, performed in February 1990, did meet the regulatory criteria, the ALJ properly found it non-conforming because it failed to document the miner's comprehension, cooperation, or effort. Curry takes issue, however, with the ALJ's weighing of the medical reports of record.
 
 
 3
 Three medical reports, submitted by Drs. Lee, Cardona, and Stollings, could have possibly carried Curry's burden to establish the presence of a totally disabling respiratory impairment. The ALJ, however, properly discredited these reports because they relied on the results of the invalid 1990 vent study, see Director, Office of Workers' Compensation Programs v. Siwiec, 894 F.2d 635, 639 (3d Cir.1990), and because their opinions were contrary to the objective evidence of record and the physicians failed to reconcile their conclusions with this discrepancy. See Belcher v. Director, Office of Workers' Compensation Programs, 895 F.2d 244, 247 (6th Cir.1989).
 
 
 4
 Even if a black lung claimant establishes the presence of a totally disabling respiratory impairment, he must separately establish that pneumoconiosis was at least a contributing cause of that impairment. See Robinson v. Pickands Mather & Co., 914 F.2d 35 (4th Cir.1990). While Drs. Lee and Cardona attributed Curry's obstructive impairment to pneumoconiosis, the ALJ properly rejected their findings because they each relied on significantly inaccurate smoking histories in forming their opinions. See Bobick v. Saginaw Mining Co., 13 BLR 1-52 (1988). While Curry's testimony at the hearing established that he had smoked at least a pack of cigarettes daily for forty-five years, Dr. Lee assumed a smoking history of only twenty years in rendering his diagnosis, and Dr. Cardona assumed that Curry smoked about twenty cigarettes a week for forty years. The ALJ could rationally accept Dr. Ranavaya's opinion that the miner's impairment was solely attributable to his smoking history, particularly since he relied on an accurate smoking history in forming his conclusion.
 
 
 5
 We decline to specifically address Curry's remaining contentions. The reasons discussed were sufficient to support the ALJ's finding of no totally disabling pneumoconiosis. Thus, any errors committed by the ALJ in discussing his alternative reasons for his findings were harmless. See Kozele v. Rochester & Pittsburgh Coal Co., 6 BLR 1-378 (1983).
 
 
 6
 The decision of the Board is therefore affirmed. In view of our disposition of this appeal, we find it unnecessary to address the parties' contentions regarding whether the ALJ properly analyzed the material change in conditions issue. We dispense with oral argument because the facts and legal contentions are adequately presented in the materi als before the court and argument would not aid the decisional process.
 
 AFFIRMED