41 F.3d 1506
 NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Reathel CHAPMAN, Petitioner,
v.
PEABODY COAL COMPANY; Director, Office of Workers'
Compensation Programs, United States Department of
Labor, Respondents.
 No. 94-3376.
 United States Court of Appeals, Sixth Circuit.
 Nov. 10, 1994.
 
 1
 Before: KENNEDY and SILER, Circuit Judges, and CHURCHILL, District Judge.*
 
 ORDER
 
 2
 Reathel Chapman, through counsel, petitions for a review of the Benefits Review Board's decision denying him benefits under the Black Lung Benefits Act. 30 U.S.C. Secs. 901-945. The parties have waived oral argument, and this panel unanimously agrees that oral argument is not needed in this case. Fed.R.App.P. 34(a).
 
 
 3
 The claimant filed his claim for black lung benefits on January 27, 1988. The claim was denied by the District Director and was eventually heard before an Administrative Law Judge (ALJ) in November of 1990. Upon review of the evidence, the ALJ issued a Decision and Order Denying Benefits. The Board affirmed this Decision and Order on the basis that it was supported by substantial evidence. On appeal, the claimant presents the following arguments: 1) the ALJ utilized an "incorrect legal standard" in analyzing the x-ray evidence pursuant to 20 C.F.R. Sec. 718.202(a)(1); 2) the ALJ erred by failing to consider all relevant x-ray evidence in determining the presence of pneumoconiosis; and 3) the ALJ erred in his analysis of the medical opinion evidence pursuant to 20 C.F.R. Sec. 718.202(a)(4).
 
 
 4
 This court has recognized that it must affirm the Board's decision if the Board has not committed any legal error or exceeded its statutory scope of review of the ALJ's factual determinations. Director, OWCP v. Quarto Mining Co., 901 F.2d 532, 536 (6th Cir.1990). This court must review the decision below only to decide whether it is supported by substantial evidence and is in accordance with the applicable law. Kolesar v. Youghiogheny & Ohio Coal Co., 760 F.2d 728, 729 (6th Cir.1985) (per curiam). Substantial evidence is that relevant evidence which a reasonable mind would accept as adequate to support a conclusion. Ramey v. Kentland Elkhorn Coal Corp., 755 F.2d 485, 488 (6th Cir.1985).
 
 
 5
 Because this claim was filed after March 31, 1980, the ALJ and Board properly analyzed the claim under Part 718 of the regulations. 20 C.F.R. Sec. 718.2; Saginaw Mining Co. v. Ferda, 879 F.2d 198, 204 (6th Cir.1989). To establish eligibility for benefits under this Part, a miner must show that: 1) he has pneumoconiosis; 2) the pneumoconiosis arose out of coal mine employment; and 3) the pneumoconiosis has rendered him totally disabled. 20 C.F.R. Secs. 718.2, 718.202-718.205; Adams v. Director, OWCP, 886 F.2d 818, 820 (6th Cir.1989). The claimant bears the burden of proving each of these elements by a preponderance of the evidence. Adams, 886 F.2d at 820.
 
 
 6
 A review of the record reveals that the ALJ thoroughly considered all relevant x-rays and physicians' reports of record. The ALJ considered the qualifications of the readers and made a qualitative evaluation of the x-ray evidence to find that, notwithstanding the recency of certain x-rays read as positive, the negative readings by more qualified readers outweighed the positive readings by less qualified readers. These observations support the ALJ's conclusion that the claimant did not establish the existence of pneumoconiosis under Sec. 718.202(a)(1). Woodward v. Director, OWCP, 991 F.2d 314, 321 (6th Cir.1993). The ALJ did not apply the "later evidence rule" mechanically, as Chapman has implied. Moreover, under the recent Supreme Court ruling in Director, OWCP v. Greenwich Collieries, 114 S.Ct. 2251, 2255 (1994), the claimant cannot rely on the "true doubt" rule to support his argument that the x-ray evidence must be weighed in his favor.
 
 
 7
 There is no merit to the claimant's argument that the ALJ failed to consider Dr. Simpao's positive x-ray interpretations of x-rays taken February 15, 1988, and October 25, 1990. As mentioned by the ALJ, these readings were considered within the context of the medical reports under Sec. 718.202(a)(4). Moreover, the ALJ's omission of this evidence from his listing of relevant x-ray evidence was harmless error, because it is clear the readings would not have altered the weight of the evidence in favor of a finding of pneumoconiosis. See Belcher v. Director, OWCP, 895 F.2d 244, 246 (6th Cir.1989). The court also notes that the x-ray re-readings do not appear to be unduly repetitious in violation of this court's holding in Woodward, 991 F.2d at 321.
 
 
 8
 Chapman's remaining arguments center on the ALJ's analysis of the medical opinions under Sec. 718.202(a)(4). There is no merit to Chapman's contention that Dr. Gallo's opinion could establish a diagnosis of "statutory pneumoconiosis." Dr. Gallo, upon deposition, merely made a general statement that exposure to dust, gases and fumes in the coal industry "may aggravate chronic obstructive lung disease," without relating this opinion to Chapman's health. Likewise, the ALJ could properly determine that Dr. O'Bryan's opinion was insufficient to establish the existence of pneumoconiosis under Sec. 718.202(a)(4).
 
 
 9
 Lastly, it was within the ALJ's discretion to assign less probative weight to Dr. Penman's opinion for the reasons given in the ALJ's Decision and Order. This court must defer to an ALJ's determinations of credibility and resolutions of inconsistencies in testimony, including weight to be accorded to physicians' opinions. Riley v. National Mines Corp., 852 F.2d 197, 198 (6th Cir.1988) (per curiam). The ALJ's conclusion that the medical opinions failed to establish pneumoconiosis under Sec. 718.202(a)(4) is supported by substantial evidence. Kolesar, 760 F.2d at 729.
 
 
 10
 Accordingly, the petition for review is denied. Rule 9(b)(3), Rules of the Sixth Circuit.
 
 
 
 *
 The Honorable James P. Churchill, U.S. District Judge for the Eastern District of Michigan, sitting by designation