**John V. WARD, Jr., Petitioner,**

v.

**SMC COAL & TERMINAL CO.; Pier IX Terminal Co.; Shell Mining Co.; Director, Office of Workers' Compensation Programs, United States, Respondents.**

No. 03–3065.

United States Court of Appeals, Sixth Circuit.

June 20, 2003.

Before MARTIN, Chief Judge; KRUPANSKY and COLE, Circuit Judges.

*ORDER*

John V. Ward, Jr., a Kentucky citizen, requests the appointment of counsel and petitions for review of an order of the Benefits Review Board affirming an administrative law judge's decision denying his claim for benefits under the Black Lung Benefits Act, 30 U.S.C. §§ 901–45. This case has been referred to a panel of the court pursuant to Rule 34(j)(1), Rules of the Sixth Circuit. Upon examination, this panel unanimously agrees that oral argument is not needed. Fed. R.App. P. 34(a).

Ward, who was born in 1948, worked as a coal miner for eighteen years, mostly as a welder inside the mines, until he retired in 1991. He filed his first claim for black lung benefits that same year. The claim was denied at the administrative level on the basis that, while Ward had demonstrated that he suffered from pneumoconiosis, he was not totally disabled. Ward did not request a hearing before an administrative law judge (ALJ). In 1994, he filed a second claim for benefits. This claim was also denied at the administrative level, with a finding that Ward had not even established the existence of pneumoconiosis. Thereafter, Ward filed more medical evidence, which was construed as a request for modification. When that was denied, he requested a hearing before an ALJ. The ALJ concluded that the X-ray evidence established the existence of pneumoconiosis, and therefore a mistake had

been made in the denial of the 1994 claim. However, he went on to find that the evidence did not show Ward to be totally disabled, and therefore the claim must be denied. The Benefits Review Board (BRB) affirmed the decision in part, but remanded for further consideration of a 1991 letter from a Dr. Haseeb on the issue of total disability. On remand, the ALJ's decision was unchanged; he found the 1991 letter outweighed by better-documented opinions finding no disability, and the balance of the test result evidence, which did not demonstrate a disability. The BRB affirmed. In his brief, Ward argues that insufficient weight was assigned to the favorable opinions of Drs. Haseeb and Mendieta, and that he is disabled.

The petition for review must be denied where the ALJ's decision is supported by substantial evidence and in conformance with the applicable law. *Glen Coal Co. v. Seals,* 147 F.3d 502, 510 (6th Cir.1998). In this case, Ward's first claim for benefits, filed in 1991, was denied, and he did not appeal. He filed a duplicate claim in 1994. In order to be entitled to benefits on a duplicate claim, he was required to show a material change in condition, defined as establishing one of the elements of entitlement previously adjudicated against him, and then establish entitlement to benefits based on all of the evidence. *Sharondale Corp. v. Ross,* 42 F.3d 993, 997–98 (6th Cir.1994). In this case, the initial claim had been denied on the basis that Ward was not totally disabled. Therefore, this was the element he was required to establish in order to show a material change of condition on his duplicate claim. His duplicate claim was denied at the administrative level, however, with a finding that none of the elements of entitlement had been established. Ward did not appeal that decision, but did file a request for modification within one year. In order to

be entitled to benefits on a request for modification, Ward needed to show either a change in condition or a mistake in a determination of fact. *Consolidation Coal Co. v. Worrell,* 27 F.3d 227, 230 (6th Cir. 1994). The ALJ found a mistake of fact in the finding on the duplicate claim that pneumoconiosis was not established. However, the ALJ did not go on to perform the analysis of whether a material change in condition had been established on the duplicate claim. Instead, he examined all the evidence and found that a total disability was not established. The BRB remanded for further consideration of a 1991 physician's opinion, which could not establish a material change in condition for the 1994 duplicate claim. *Sharondale Corp.,* 42 F.3d at 997–98. However, even if this was error, it did not affect the disposition of the case and was therefore harmless. *Belcher v. Director, OWCP,* 895 F.2d 244, 246 (6th Cir.1989). This is so because, even bypassing the material change analysis, the ALJ ultimately concluded that all of the evidence did not establish a total disability.

The results of the pulmonary function studies and blood gas tests of record did not meet the criteria for establishing a total disability, nor was there any diagnosis of cor pulmonale. Therefore, the only method available for Ward to establish a total disability was by physician's opinion. All of the favorable evidence in this category was submitted in conjunction with Ward's first claim for benefits, and therefore he could not have established a material change in condition in order to be entitled to benefits on his duplicate claim. Even overlooking this step, however, the ALJ's finding that a total disability had not been established in light of the entire record is supported by substantial evidence. Ward cites to the report from Dr. Mendieta in 1990. However, that report only recommended that Ward avoid fur-

ther dust exposure, which is not equivalent to a finding of total disability. *Zimmerman v. Director, OWCP*, 871 F.2d 564, 567 (6th Cir.1989). He also relies on the 1991 letter from Dr. Haseeb, who essentially found Ward disabled, but attributed it to his history of myocardial infarction and bypass surgery, noting that Ward had only early occupational lung disease. The ALJ also found this opinion outweighed by the subsequent reports from Dr. Younes in 1994 and Dr. Rasmussen in 1998, both of whom supported their conclusion that Ward was not disabled with objective tests which showed normal results. The finding of no disability was also supported by two reviewing physicians in well-reasoned reports. Weighed against the later, better-documented opinions and the objective test results, Dr. Haseeb's letter was insufficient to establish a total disability, even if it had been submitted in conjunction with the duplicate claim rather than with the initial claim. Finally, Ward argues that he is disabled. However, he must show that he is disabled from a respiratory standpoint, due to pneumoconiosis, and not because of his heart disease.

Because there was no evidence of a total disability submitted in conjunction with the duplicate claim, Ward could not establish a material change in condition. Moreover, even if Ward had established a material change in condition, the ALJ's review of all of the evidence on the issue of total disability showed that he was not entitled to benefits. Accordingly, the request for counsel is denied and the petition for review is denied. Rule 34(j)(2)(C), Rules of the Sixth Circuit.