822 F.2d 59
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
Virgil BULLION, Petitioner,
v.
BETHLEHEM STEEL CORPORATION; Director, Office of Workers'
Compensation Programs, and United States
Department of Labor, Respondents.
 No. 86-3757
 United States Court of Appeals, Sixth Circuit.
 July 2, 1987.
 
 Before KENNEDY, WELLFORD and MILBURN, Circuit Judges.
 PER CURIAM.
 
 
 1
 Petitioner-appellant Virgil Bullion appeals from a decision of the Benefits Review Board affirming the decision of an Administrative Law Judge ('ALJ') denying benefits under the Black Lung Benefits Act ('the Act'), 30 U.S.C. Sec. 901 et seq. For the reasons that follow, we reverse.
 
 I.
 
 2
 Petitioner is a fifty-five year old male, who retired in 1981 after more than twenty-one years of work as a coal miner. On August 29, 1979, he filed an application for benefits under the Act, claiming that he was disabled due to pneumoconiosis. The Department of Labor approved petitioner's application and designated Bethlehem Steel the responsible operator. Bethlehem Steel contested the claim, and a formal hearing was held on April 5, 1983.
 
 
 3
 The medical evidence before the ALJ included negative readings of two chest X-rays, the results of two pulmonary function studies, and two medical reports. The ALJ, relying upon the results of Dr. Pellegrini's pulmonary function study, found that petitioner had triggered the interim presumption of disability under 20 C.F.R. Sec. 727.203(a)(2). Further, the ALJ, relying upon Dr. Loudon's report and the negative X-rays, found that Bethlehem Steel had rebutted the interim presumption of disability under 20 C.F.R. Sec. 727.203(b)(4). Dr. Loudon opined that while petitioner suffers from '[m]oderate obstructive airways disease,' his examination revealed 'no evidence of pneumoconiosis.'
 
 II.
 
 4
 Petitioner argues that the ALJ erred in finding that the interim presumption of disability had been rebutted under section 727.203(b)(4). Our review is limited to a determination of whether the ALJ's finding 'is supported by substantial evidence and [is] in accordance with applicable law.' Kolesar v. Youghiogheny and Ohio Coal Co., 760 F.2d 728, 729 (6th Cir. 1985); see also York v. Director, Office of Workers' Compensation Programs, No. 85-4052, slip op. at 3 (6th Cir. May 18, 1987). 'Substantial evidence' is defined as 'such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.' Richardson v. Perales, 402 U.S. 389, 401 (1971); see also York, slip op. at 3; Kolesar, 760 F.2d at 729.
 
 
 5
 Section 727.203(b)(4) provides that the interim presumption of disability is rebutted if '[t]he evidence establishes that the miner does not, or did not, have pneumoconiosis.' '[F]or the decisionmaker to conclude that the claimant does not suffer from pneumoconiosis, the party opposing an award of benefits must point to persuasive evidence which establishes that the claimant does not suffer from pneumoconiosis as defined by the statute and regulations--neither coal workers' pneumoconiosis, as that term is used in the medical profession, nor any other chronic dust disease of the lung arising out of coal mine employment.' Pavesi v. Director, Office of Workers' Compensation Programs, 758 F.2d 956, 965 (3d Cir. 1985); see also Campbell v. Consolidation Coal Co., 811 F.2d 302, 304 (6th Cir. 1987). The Act defines pneumoconiosis as 'a chronic dust disease of the lung and its sequelae, including respiratory and pulmonary impairments, arising out of coal mine employment.' 30 U.S.C. Sec. 902(b). The administrative regulations promulgated pursuant to the Act expand on this definition:
 
 
 6
 This definition includes, but is not limited to, coal workers' pneumoconiosis, anthraco-silicosis, anthraco-sisanthro-silicosis, massive pulmonary fibrosis, progressive massive fibrosis silicosis or silicotuberculosis arising out of coal mine employment. For purposes of this definition, a disease 'arising out of coal mine employment' includes any chronic pulmonary disease resulting in respiratory or pulmonary impairment significantly related to, or aggravated by, dust exposure and coal mine employment.
 
 
 7
 20 C.F.R. Sec. 727.202. Thus, pneumoconiosis, as defined by the statute and regulations, embraces coal workers' pneumoconiosis, as that term is used in the medical profession, and other respiratory or pulmonary impairments related to, or aggravated by, coal mine employment. See Campbell, 811 F.2d at 304; Pavesi, 758 F.2d at 965.
 
 
 8
 We cannot determine on this record whether the ALJ's finding that petitioner 'does not suffer from pneumoconiosis' is supported by substantial evidence. The ALJ relied upon Dr. Loudon's examination of petitioner which revealed 'no evidence of pneumoconiosis.' Dr. Loudon did not, however, explain whether his failure to find any evidence of pneumoconiosis was the equivalent of a failure to find any evidence of a respiratory or pulmonary impairment that falls within the statutory or regulatory definition of pneumoconiosis. Dr. Loudon did not identify the etiology of petitioner's obstructive airway disease and did not expressly rule out a connection with coal mine employment.[1] Because the record is unclear whether the denial of benefits was based upon evidence that petitioner did not suffer any respiratory or pulmonary impairment within the statutory or regulatory definition of pneumoconiosis, we conclude that the case should be remanded to the Benefits Review Board for reconsideration. See Pavesi, 758 F.2d at 965.
 
 III.
 
 9
 Accordingly, the decision of the Benefits Review Board is VACATED, and the case is REMANDED for reconsideration in light of this opinion.
 
 
 10
 CORNELIA G. KENNEDY, Circuit Judge, dissenting.
 
 
 11
 I respectfully dissent because I believe that the ALJ was entitled to, and did interpret Dr. Loudon's report that petitioner had 'no evidence of pneumoconiosis' to mean that he did not have pneumoconiosis in the regulatory sense, that is he did not have 'any chronic dust disease of the lung and its sequelae, including respiratory and pulmonary impairment, arising out of coal mine employment.' 20 C.F.R. Sec. 727.202. The ALJ recognized that Loudon had extensive experience in performing pulmonary examinations and preparing written reports. If I did not reach that conclusion, I would remand for the award of benefits since there is no other substantial evidence to rebut the interim presumption.
 
 
 
 [1]
 The ALJ also relied upon the negative X-rays. Negative X-rays alone may not be, however, sufficient to rebut the presumption once invoked. Back v. Director, Office of Workers' Compensation Programs, 796 F.2d 169, 172 (6th Cir. 1986). This should not be confused with use of a negative X-ray reading to preclude the application of the presumption in the first instance. Id