60 F.3d 828
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
 BETHLEHEM STEEL CORPORATION, Petitioner,
v.
Virgil BULLION; Director, Office of Workers' Compensation
Programs, United States Department of Labor, Respondents.
 No. 94-3535.
 United States Court of Appeals, Sixth Circuit.
 June 27, 1995.
 
 Before: KENNEDY and SUHRHEINRICH, Circuit Judges; and CHURCHILL, District Judge.*
 PER CURIAM.
 
 
 1
 Bethlehem Steel Corporation ("Bethlehem") petitions for review of a decision of the Benefits Review Board ("Board") affirming an administrative law judge's ("ALJ") award of benefits under the Black Lung Benefits Act, 30 U.S.C. Sec. 901 et seq. Bethlehem contends that it was denied due process of law when the ALJ denied its request to open the record to present additional evidence at a hearing following this court's remand from an earlier appeal. Bethlehem petitions the court to reverse the award of benefits to Bullion and to remand the claim for further consideration. Additionally, Bethlehem requests that the remand be with instructions to reopen the record for the development of additional medical evidence. Finding no error, we affirm the Board's decision.
 
 I.
 
 2
 Virgil Bullion worked as a coal miner for more than 21 years. On August 29, 1979 he filed an application for benefits under the Act, claiming he was disabled due to pneumoconiosis. The Department of Labor approved his application and designated Bethlehem the responsible operator. Bethlehem contested the claim, and a formal hearing was held on April 5, 1983.
 
 
 3
 The medical evidence before the ALJ included negative readings of two chest x-rays, the results of two pulmonary function studies, and two medical reports. The ALJ, relying upon the results of Dr. Pellegrini's pulmonary function study, found that petitioner had triggered the interim presumption of disability under 20 C.F.R. Sec. 727.203(a)(2)[1]. Further, the ALJ, relying upon Dr. Loudon's report and the negative x-rays, found that Bethlehem had rebutted the interim presumption of disability under 20 C.F.R. Sec. 727.203(b)(4)[2]. Dr. Loudon opined that while petitioner suffers from "[m]oderate obstructive airways disease," his examination revealed "no evidence of pneumoconiosis."
 
 
 4
 The decision was affirmed by the Board and Bullion timely appealed.
 
 
 5
 This court vacated the Board's decision and remanded the case stating as follows:
 
 
 6
 Because the record is unclear whether the denial of benefits was based upon evidence that petitioner did not suffer any respiratory or pulmonary impairment within the statutory or regulatory definition of pneumoconiosis, we conclude that the case should be remanded to the Benefits Review Board for reconsideration.
 
 
 7
 Bullion v. Director, OWCP, No. 86-3757, 1987 WL 37909, * 2 (6th Cir. July 2, 1987).
 
 
 8
 On remand to the Board, Bullion moved for remand to the ALJ and also moved to have the record opened in order to place additional evidence therein. Bethlehem concurred in the motion.
 
 
 9
 In the subsequent December 18, 1989 decision, the ALJ declared that the rebuttal provisions of Sec. 727.203(b) were invalid and analyzed the claim under Sec. 410.490. The ALJ concluded that Bethlehem had not rebutted the presumption and awarded benefits to Bullion.
 
 
 10
 Bethlehem appealed the decision to the Benefits Review Board. While the appeal was pending, Bullion died. His widow moved to be substituted as a party in this case. Without ruling on her motion, the Board vacated the award granted under Sec. 410.490 and remanded the case to the ALJ for reconsideration under Sec. 727.203(b)(4).
 
 
 11
 On remand, Bethlehem moved to reopen the record for the submission of additional evidence due to an intervening change in the law. The ALJ denied the request and, based on the existing record, found that Bethlehem had not rebutted the interim presumption of disability. Benefits were awarded to Bullion.
 
 
 12
 The Board affirmed the ALJ's decision and Bethlehem timely appealed.
 
 II.
 
 13
 Our review is limited to a determination of whether the ALJ's finding "is supported by substantial evidence and [is] in accordance with applicable law." Kolesar v. Youghiogheny and Ohio Coal Co., 760 F.2d 728, 729 (6th Cir. 1985). "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971).
 
 III.
 
 14
 Bethlehem's primary argument on appeal is that the decisions of the ALJ and the Benefits Review Board not to reopen the record for the development of additional evidence are not in accordance with law. It seeks to have the court reverse the award of benefits and remand the claim for further consideration on the issue of rebuttal under Sec. 727.203(b)(2), (b)(3), and (b)(4).
 
 A.
 
 15
 While the claim was on remand to the ALJ the second time, Bethlehem moved to reopen the record stating as follows:
 
 
 16
 Since the hearing was conducted in 1983, the United States Court of Appeals for the Sixth Circuit has issued decisions which have drastically altered the legal standards applicable to this case. See, e.g., York v. Benefits Review Board, 819 F.2d 134 (6th Cir. 1987); Knuckles v. Director, OWCP, 869 F.2d 996 (6th Cir. 1989).
 
 
 17
 In Harlan Bell Coal Co. v. Lemar, 904 F.2d 1042 (6th Cir. 1990), the United States Court of Appeals for the Sixth Circuit recognized that a party in a federal black lung claim must be given the opportunity to develop additional medical evidence when a change of law gives rise to "issues that did not exist at the time of its ALJ hearing."
 
 
 18
 Motion to Reopen Record, filed September 29, 1992. The motion was resubmitted on January 14, 1993.
 
 
 19
 The ALJ denied the request finding that, although there had been changes in the law, Bethlehem was not subject to any greater potential liability as a result of the changes.
 
 
 20
 In its appeal to the Board challenging this finding, Bethlehem argued that this court's decision in Campbell v. Consolidation Coal Co., 811 F.2d 302 (6th Cir. 1987), altered the legal standard regarding (b)(4) rebuttal. Therefore, it argued, it should have been allowed to present additional evidence to establish (b)(4) rebuttal.
 
 
 21
 In discussing Bethlehem's argument, the Board determined that Campbell did not alter the (b)(4) standard, but rather, merely clarified it. The Board concluded that the ALJ acted within his discretion in refusing to reopen the record.
 
 
 22
 As an initial matter, we find that Bethlehem raised the issue of a change in law regarding (b)(2) rebuttal in the administrative process. This issue was raised when Bethlehem cited to York in its motion to reopen the record. Failure to do so would have precluded this court from reviewing this argument. Hix v. Director, OWCP, 824 F.2d 526 (6th Cir. 1987).
 
 
 23
 Bethlehem is correct in arguing that York altered the existing (b)(2) rebuttal standard. Prior to this court's decision in York, a showing that a miner was not rendered incapable of performing his usual coal mine work or comparable work because of a respiratory or pulmonary impairment was sufficient to rebut the interim presumption. York held that the presumption may not be rebutted if the miner is disabled for any reason, whether or not respiratory or pulmonary impairments are implicated.
 
 
 24
 Thus, in claims brought after York, in order to rebut the interim presumption under (b)(2), the employer must establish that the claimant can do his usual coal mine work and cannot rely merely upon a showing that the miner was not totally disabled by the respiratory impairment alone.
 
 
 25
 In Harlan Bell Coal Co. v. Lemar, 904 F.2d 1042 (6th Cir. 1990), this court held that "fundamental fairness" required that Harlan Bell be granted the opportunity to address the post-York standards that came into existence after the record had closed but before the ALJ's decision was issued. In that case, the claimant produced evidence of other disabling conditions but the employer was found to have rebutted the interim presumption under (b)(2).
 
 
 26
 On appeal this court held that it would have been manifestly unjust if the employer were denied the opportunity to rebut the claimant's evidence of other disabling conditions, and remanded.
 
 
 27
 The fundamental fairness concerns apparent in Harlan Bell are lacking in this case. Here, Bethlehem had not met its burden even under the earlier pre-York standard. Further, there was no evidence or claim of non-respiratory impairments that Bethlehem did not have an opportunity to rebut. Accordingly, we find that Bethlehem was not prejudiced by the ALJ's failure to open the record as a result of the York decision.
 
 B.
 
 28
 Bethlehem's argument on appeal regarding (b)(3) rebuttal was not raised before the agency. Accordingly, we will not address this issue on appeal. Hix, supra.
 
 C.
 
 29
 Bethlehem's reliance on this court's decision in Campbell to demonstrate an intervening change in the law warranting reopening of the record is misplaced. Campbell clarified the criteria necessary to establish (b)(4) rebuttal by holding that the party opposing benefits must establish that the miner does not suffer from either "clinical" or "legal" pneumoconiosis.
 
 
 30
 Campbell, however, was decided before this court remanded the claim the first time it was on appeal in this case. In fact, the court relied on Campbell in deciding the appeal. Because there was no affirmative change in the legal standard in this case, the due process consideration that drove the Harlan Bell decision is lacking here.
 
 
 31
 The recurring theme in Bethlehem's argument is that the ALJ and the Board frustrated this court's will in not reopening the record for additional evidence upon remand. That is not the case. The original remand order required only that the Board clarify whether the denial of benefits was based upon evidence that met the statutory or regulatory definition of pneumoconiosis.
 
 
 32
 As the record demonstrates, the Board properly focused on the relevant issue and determined that the evidence Bethlehem produced did not rebut the interim presumption of disability. We find no error in the Board's decision concerning the scope of the issues to be determined upon remand.[3] Additionally, we find that substantial evidence supports the Board's decision awarding benefits.
 
 IV.
 
 33
 The Board's decision is affirmed.
 
 
 
 *
 Honorable James P. Churchill, Senior United States District Judge for the Eastern District of Michigan, sitting by designation
 
 
 [1]
 20 C.F.R. Sec. 727.203 states in relevant part as follows:
 (a) Establishing interim presumption. A miner who engaged in coal mine employment for at least 10 years will be presumed to be totally disabled due to pneumoconiosis, or to have been totally disabled due to pneumoconiosis at the time of death, or death will be presumed to be due to pneumoconiosis, arising out of that employment, if one of the following medical requirements is met:
 (2) Ventilatory studies establish the presence of a chronic respiratory or pulmonary disease (which meets the requirements for duration in Sec. 410.412(a)(2) of this title) ....
 
 
 [2]
 20 C.F.R. Sec. 727.203(b) states in relevant part that:
 The presumption in paragraph (a) of this section shall be rebutted if:
 (1) The evidence establishes that the individual is, in fact, doing his usual coal mine work or comparable and gainful work (see Sec. 410.412(a)(1) of this title); or
 (2) In light of all relevant evidence it is established that the individual is able to do his usual coal mine work or comparable and gainful work (see Sec. 410.412(a)(1) of this title); or
 (3) The evidence establishes that the total disability or death of the miner did not arise in whole or in part out of coal mine employment; or
 (4) The evidence establishes that the miner does not, or did not, have pneumoconiosis.
 
 
 [3]
 Bethlehem also requests remand pursuant to 20 C.F.R. Sec. 725.463 in order to introduce new evidence concerning Bullion's cause of death. This section authorizes the administrative law judge to reopen a claim, under certain circumstances, in order to consider a new issue. This court is not empowered to grant the relief requested pursuant to that section. Neither is there evidence that Bethlehem requested and was refused relief under this section such that this court could review that decision